Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

Thomas M. Hefferon
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000
thefferon@goodwinlaw.com
(additional counsel listed on signature page)

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>        Plaintiff,<br><br>    v.<br><br>PROGREXION MARKETING, INC.; PGX HOLDINGS, INC.; PROGREXION TELESERVICES, INC.; EFOLKS, LLC; CREDITREPAIR.COM, INC.; and JOHN C. HEATH, ATTORNEY AT LAW, PLLC, D/B/A/ LEXINGTON LAW,<br><br>        Defendants. | Case No. 2:19-CV-00298-BSJ |

**PROGREXION MARKETING, INC., PGX HOLDINGS, INC., PROGREXION TELESERVICES, INC., EFOLKS, LLC, AND CREDITREPAIR.COM'S OPPOSITION TO PLAINTIFF'S SHORT FORM DISCOVERY MOTION CONCERNING PGX HOLDINGS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendants[1] have not improperly withheld discovery. Plaintiff's Motion should therefore be denied.

First, Defendants agree that discovery is not stayed. We have responded to Plaintiff's fifty-four document requests, met and conferred for over six hours, and produced over 5700 pages of documents. Productions are ongoing. This is in addition to over one million pages produced during Plaintiff's five-year pre-suit investigation. Plaintiff's assertion about a "stay" mischaracterizes Defendants' initial prioritization of discovery related to Count I, given the focus of the Motion to Dismiss on Counts II-V. FRCivP 1. That resource prioritization is reasonable, and Plaintiff offers no argument to the contrary.

Second, Plaintiff demands documents about a vast array of topics going back to July 21, 2011—the Bureau's founding—a demand the instant motion revises to 2012 without explanation. Defendants have reasonably refused such disproportionate discovery and limited their productions to responsive documents going back to 2016 because the Complaint alleges no actionable pre-2016 conduct and provides no notice that Plaintiff seeks to recover for such conduct. Relevance is determined by a party's allegations, not its founding date. For pre-2016 allegations, the Motion (at 3) could identify *only three* paragraphs that assert unsupported generalizations about "HSP1." Those paragraphs do not describe bad acts by hotswaps prior to 2016 or—critically—Defendants' knowledge of those acts. *Thomas v. Mitsubishi Motors Corp.*, No. 2:12-cv-1215-DB-PMW, 2014 WL 280495, at *1-3 (D. Utah Jan. 24, 2014) (narrowing discovery requests with "unlimited" or "too large" timeframes).

---

[1] Motion footnote 1 is incorrect. Plaintiff refused to comply with Rule 34 by serving discovery on each Progrexion Defendant and refused any compromise. The Progrexion Defendants thus responded to the requests as if addressed to each Progrexion Defendant to avoid a needless dispute. Dkt. No. 50-6 at 3; Dkt. No. 50-4.

Third, Defendants have reasonably refused Plaintiff's demand for discovery about nearly 300 hotswaps because the Complaint only ascribes actions to one hotswap: HSP1. Seeking voluminous discovery regarding hundreds of other hotswaps is irrelevant, overly burdensome and disproportionate to the needs of this case. *E.g.*, *United States v. Medtronic, Inc.*, No. 95-1236-MLB, 2000 WL 1478476, at *2-3 (D. Kan. July 13, 2000). Plaintiff's arbitrary decision to limit some, but not all, requests to ten "sample" hotswaps does not cure the Complaint's failure to attribute relevant acts to anyone but HSP1.

Fourth, Plaintiff demands every communication with hundreds of hotswaps about advertisements on Craigslist, Facebook, and "fake news sites." Yet the Complaint nowhere alleges the use of a "fake news site," or the use of Facebook or Craigslist to *deceptively* advertise the Defendants' products or services (as opposed to the unremarkable fact that some hotswaps advertised on those sites). During the meet and confers, Plaintiff was unable to identify a single "fake news site" relevant to the case. This confirms that Plaintiff's demand is simply a "vague hope that something will turn up" and an improper fishing expedition. *Medtronic*, 2000 WL 1478476, at *3 (citation omitted); *McGee v. Hayes*, 43 F. App'x 214, 216-17 (10th Cir. 2002).

Dated:  December 11, 2019              Respectfully submitted,


/s/ Karra J. Porter
Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

Thomas M. Hefferon*
W. Kyle Tayman*
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000
thefferon@goodwinlaw.com
ktayman@goodwinlaw.com

William J. Harrington*
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
(212) 459-7140
wharrington@goodwinlaw.com

*Attorneys for Defendants*
(*admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2019, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

/s/ Karra J. Porter
Karra J. Porter