FILED
2020 MAR 16 PM 3:11
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION, <br><br> Plaintiff, <br><br> v. <br><br> PROGREXION MARKETING, INC., et al., <br><br> Defendants. | MODIFIED PROTECTIVE ORDER <br><br> Civil No. 2:19-cv-00298-BSJ <br><br> Honorable Bruce S. Jenkins |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the stipulation of the parties and for good cause, IT IS HEREBY ORDERED THAT the Standard Protective Order entered by the Court pursuant to DUCivR 26-2 is modified, and it is FURTHER ORDERED THAT:

1.    Scope of Protection

This Modified Protective Order shall govern any record of information produced in this action and designated pursuant to this Modified Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Modified Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal

procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Modified Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

Nonparties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to de-designate.

2.      Definitions

(a)      The term CONFIDENTIAL INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as "CONFIDENTIAL" by the producing party.  CONFIDENTIAL INFORMATION includes information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and includes, but is not limited to: (i) proprietary or confidential financial, commercial, technical, business, or health information, trade secrets, or other competitively sensitive information; (ii) information that a party is prohibited from releasing publicly pursuant to contracts, statutes, regulations, or rules; (iii) Sensitive Personal Information; and (iv) information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

(b)      The term Disclosure or Discovery Material shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

(c)      The term Expert shall mean a person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a party or its

counsel to serve as an expert witness or as a consultant in this action, unless and until such person is excluded by order of the Court.

(d)     The term Investigative Material shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that were produced or generated to the Bureau by any Defendant, or by Progrexion Holdings, Inc., Progrexion ASG, Inc. or Progrexion IP, Inc. (or any direct holding or subsidiary company of those entities) in disclosures or responses to any Civil Investigative Demand or other request in connection with the Bureau's pre-suit investigation that led to the Bureau's initiation of this action.

(e)     The term Professional Vendor shall mean any person or entity that provides litigation-support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits, presentations or demonstrations, and organizing, storing, or retrieving data in any form or medium) and its employees and subcontractors.

(f)     The term Sensitive Personal Information shall mean information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual. This includes, without limitation, an individual's Social Security number, taxpayer identification number, financial account number, credit card or debit card number, mortgage or loan number, driver's license number, State-issued identification number, passport number, date of birth (other than year), including when linked or linkable to a specific individual. This also includes information that is not personally identifiable information on its own, but can become personally identifiable information whenever additional information would make

3

it possible to identify an individual.

3.   Designation of Information

(a)   Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL

(b)   During discovery, a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(c)   A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION by within the 30-day period allowed by Federal Rule of Civil Procedure 30(e)(1), identifying in a writing provided to all parties the particular transcript page and line numbers that it is designating as CONFIDENTIAL INFORMATION.  Before the expiration of the 30-day period for designation, a transcript shall be treated as if it had been designated CONFIDENTIAL INFORMATION unless otherwise agreed.

(d)   A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda, and all other papers sent to the Court or to opposing counsel as containing CONFIDENTIAL INFORMATION when such papers are served or sent.

(e)   A party shall designate information disclosed at a hearing or trial as

4

CONFIDENTIAL INFORMATION by requesting the Court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(f)     The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a deposition that is CONFIDENTIAL INFORMATION, rather than the entire deposition.

4.     Disclosure and Use of Confidential Information

(a)     Information that has been designated CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to recipients identified in Paragraph 5(a). All such recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

(b)     Notwithstanding subparagraph (a), disclosure by the Bureau to other law enforcement agencies as required or permitted by federal statute or regulation shall be permitted.

(1)     Pursuant to 12 U.S.C. § 5566, the Bureau has an obligation

to transmit to the Attorney General of the United States evidence that any person, domestic or foreign, has engaged in conduct that may constitute a Federal crime, and under 12 U.S.C. § 5516(d)(2)(A) has an obligation to notify prudential regulators when the Bureau has reason to believe that institutions subject to § 5516(a) have engaged in a material violation of a Federal consumer financial laws.

(2)    Pursuant to 12 CFR § 1070.45(a)(5), the Bureau may disclose CONFIDENTIAL INFORMATION in summary form to law enforcement and other government agencies to the extent necessary to notify such agencies of potential violations of laws subject to their jurisdiction and may disclose confidential information under § 1070.43(b) to federal or state agencies when the information is relevant to the exercise of the agency's statutory or regulatory authority or, with respect to supervisory CONFIDENTIAL INFORMATION, to a federal or state agency having jurisdiction over a supervised financial institution.

(3)    The Bureau acknowledges its obligations and restrictions under 12 CFR § 1070.41 on its ability to disclose confidential information except as required by law and as provided in 12 CFR Part 1070, and as provided in 5 U.S.C. § 552a.

5.    <u>Disclosure Agreements</u>

(a)    Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated CONFIDENTIAL INFORMATION only to the following persons:

(1)    The receiving party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this action;

(2)    The officers, directors, employees (including in-house counsel) and contractors of the receiving party;

(3)    Experts (as defined in this Order) of the receiving party to whom disclosure is reasonably necessary for this action and who have signed the Disclosure Agreement (Exhibit A);

(4)    The Court and its personnel;

(5)    Court reporters and their staff;

(6)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the Disclosure Agreement (Exhibit A);

(7)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(8)    Deposition or trial witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary in connection with their actual or potential testimony in a

deposition, at a hearing or at trial, provided: (a) the witness has signed the Disclosure Agreement (Exhibit A); and (b) they will not be permitted to keep any CONFIDENTIAL INFORMATION unless otherwise agreed by the designating party or ordered by the Court;

(9)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions and who have signed the Disclosure Agreement (Exhibit A);

(10)    Other persons as reasonably necessary for the preparation, trial, appeal or resolution of this action who have signed the Disclosure Agreement (Exhibit A); and

(11)    A federal or state agency by the Bureau where the disclosure is required or permitted by statute or regulation.

(b)     Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item that, prior to the entry of this Modified Order, was designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under Paragraph 2(b) of the Standard Protective Order entered pursuant to DUCivR 26-2 to those persons identified in subparagraphs (a)(1), (3)-(7), (9) or (11) of this Paragraph 5, and subject to the rights identified in Paragraph 4(b), of this Modified Protective Order.

(c)     A party who has a good faith belief that there has been a violation of this Order by a person who may have executed a Disclosure Agreement may obtain that Disclosure Agreement, if there is one, from the party with whom the person is affiliated

8

upon stating in writing the circumstances supporting such a good faith belief.

6.   <u>Use of Protected Information</u>

(a)    In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission, or other papers of any kind that are served or filed include another party's CONFIDENTIAL INFORMATION, the papers must be appropriately designated pursuant to Paragraph 3 and governed by DUCivR 5-3.

(b)    All documents, including attorney notes and abstracts, that contain another party's CONFIDENTIAL INFORMATION, shall be handled as if they were designated pursuant to Paragraph 3.

(c)    Documents, papers, and transcripts that are filed with the Court and contain any other party's CONFIDENTIAL INFORMATION shall be filed in accordance with DUCivR 5-3.

(d)    To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(e)    Investigative Material that a party marked CONFIDENTIAL prior to the initiation of this action, and that the party confirms in writing to the other parties meets the definition of CONFIDENTIAL MATERIAL set forth in Paragraph 2(a) above, will be treated as protected material and subject to the provisions of this Order, except to the extent that:  (1) as part of Discovery or Disclosure Material, the producing party

9

produces identical or substantially identical material without designating it CONFIDENTIAL; (2) the material in question has become generally available to the public through no violation of this Order; (3) the material was received by the Bureau without restrictions on disclosure from a nonparty having the right to make the disclosure; or (4) the producing party withdraws the CONFIDENTIAL designation, in whole or in part. The procedures set forth in Paragraph 8 below for challenging CONFIDENTIAL designations shall apply to Investigative Material so designated.

(f)     In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION, such question shall nonetheless be answered by the witness fully and completely.

(g)     Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION.

7.     Inadvertent Failure to Designate

(a)     In the event that a producing party inadvertently fails to designate any of its information pursuant to Paragraph 3, or if a party's CONFIDENTIAL Information is produced by a nonparty without designation, that party may later designate the information as CONFIDENTIAL by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b)     No person or party shall incur any liability hereunder with respect to

10

a disclosure that occurred prior to receipt of written notice of a belated designation.

8.     <u>Challenge to Designation</u>

(a)     Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact CONFIDENTIAL INFORMATION or not an appropriate designation for any reason.

(b)     Any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation of a document or documents, stating with particularity the reasons for that request, and specifying the category to which the challenged document(s) should be de-designated. The producing party shall then have seven (7) days from the date of service of the request to:

(1)     advise the receiving parties whether or not it persists in such designation; and

(2)     if it persists in the designation, to explain the reason for the particular designation and to state its intent to seek a protective order or any other order to maintain the designation.

(c)     If no response is made within seven (7) days after service of the request under subparagraph (b), the information will be de-designated as

CONFIDENTIAL INFORMATION.

        (d)      If, after receiving the response under subparagraph (b)(1) and (2) above, the receiving party notifies the producing party in writing that it maintains its challenge, then, within seven (7) days after receipt of that writing, the producing party may move the Court for a protective order or any other order to maintain the designation. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within seven (7) days, the information will be de-designated as CONFIDENTIAL INFORMATION. In the event challenges are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

    No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

        (e)      With respect to requests and applications to remove or change a designation, information designated shall not be considered confidential or proprietary to the producing party if:

                (1)      the information in question has become available to the public through no violation of this Order; or

                (2)      the information was known to any receiving party prior to its receipt from the producing party and was not learned or obtained from a third party that did not have the right to disclose the information, and the information is otherwise not subject to any restrictions on disclosure; or

                (3)      the information was received by any receiving party without

12

restrictions on disclosure from a third party having the right to make such a disclosure.

9.    <u>Privileged Documents</u>

(a)    When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(b)    The production of privileged or work product protected documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not an automatic waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(c)    Nothing contained herein is intended to or shall serve to limit a producing party's right and obligation to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.    <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION to a recipient other than as identified in Paragraph 4(b) and 5(a), the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of

such materials from the recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

11.    Limitation

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

12.    Conclusion of Action

(a)    At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION and to certify to the producing party such destruction or return, within sixty (60) days of a written request by the designating party. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b)    After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION. Trial counsel's archive copy shall remain subject to all obligations of this Order.

(c)    The provisions of this paragraph shall not be binding on the United States, including the Bureau, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, the Bureau, any insurance company, or any other party shall notify the producing party in

writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

13.     Production by Third Parties Pursuant to Subpoena

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice, or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION. The parties agree that they will treat CONFIDENTIAL INFORMATION produced by third parties according to the terms of this Order.

14.     Compulsory Disclosure to Third Parties

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks CONFIDENTIAL INFORMATION of a producing party, the receiving party shall, upon learning of such subpoena or demand or court order, give prompt written notice to counsel for the producing party and make reasonable efforts to allow the producing party at least five (5) business—days unless a shorter time is required by a court order or law—to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

15.     Jurisdiction to Enforce Modified Protective Order

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

16.     <u>Modification of Protective Order</u>

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

17.     <u>Confidentiality of Party's Own Documents</u>

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Modified Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Modified Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>March 12, 2020</u>

/s/ <u>Tracy L. Hilmer</u>
Maureen McOwen
Jonathan Reischl
Tracy L. Hilmer
Enforcement Attorneys
Bureau of Consumer Financial
Protection
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-7459
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov

*Attorneys for Plaintiff Bureau of
Consumer Financial Protection*

DATED:  <u>March 12, 2020</u>

/s/ <u>W. Kyle Tayman</u>
*(signed by Tracy L. Hilmer with permission)*
Thomas M. Hefferon*
W. Kyle Tayman*
Goodwin Procter, LLP
1900 N Street, NW
Washington, DC  20036
(202) 346-4000
thefferon@goodwinlaw.com
ktayman@goodwinlaw.com

William J. Harrington*
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
(212) 459-7140
wharrington@goodwinlaw.com

Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
Karra.porter@chrisjen.com

*Attorneys for Defendants*
(*admitted *pro hac vice*)

2:19-cv-298-BSJ

IT IS SO ORDERED.
DATED: 3/16 / 2020

Bruce S. Jenkins
United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION, <br><br> Plaintiff, <br><br> v. <br><br> PROGREXION MARKETING, INC., et al., <br><br> Defendants. | DISCLOSURE AGREEMENT <br><br> Civil No. 2:19-cv-00298-BSJ <br><br> Honorable Bruce S. Jenkins |

I,_____, am employed by_____.

In connection with this action, I am:

_____     a director, officer or employee of_____who is

directly assisting in this action;

_____     Other authorized recipient (as defined in the Protective

Order) (Describe:_____).

I have read, understand and agree to comply with and be bound by the

terms of the Modified Protective Order in the matter of *Bureau of Consumer*

*Financial Protection v. Progrexion Marketing, Inc., et al.*, Civil Action No.

2:19-cv-298-BSJ, pending in the United States District Court for the District of

Utah. I further state that the Modified Protective Order entered by the Court, a

copy of which has been given to me and which I have read, prohibits me from

using any CONFIDENTIAL INFORMATION, including documents, for any

purpose not appropriate or necessary to my participation in this action or

**EXHIBIT A**

disclosing such documents or information to any person not entitled to receive them under the terms of the Modified Protective Order. To the extent I have been given access to CONFIDENTIAL INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Modified Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing CONFIDENTIAL INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Modified Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of Utah for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed by Recipient

_____
Name (printed)

Date: _____