Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

Thomas M. Hefferon
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000
thefferon@goodwinlaw.com
(additional counsel listed on signature page)

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>          Plaintiff,<br><br>    v.<br><br>PROGREXION MARKETING, INC.; PGX HOLDINGS, INC.; PROGREXION TELESERVICES, INC.; EFOLKS, LLC; CREDITREPAIR.COM, INC.; and JOHN C. HEATH, ATTORNEY AT LAW, PLLC, D/B/A/ LEXINGTON LAW,<br><br>          Defendants. | Case No. 2:19-CV-00298-BSJ<br><br>**DEFENDANTS' SHORT FORM MOTION TO COMPEL RULE 30(b)(6) DEPOSITION TESTIMONY**<br><br>**HEARING REQUESTED** |

Pursuant to DUCivR 37-1, Defendants seek an order from the Court compelling Plaintiff to provide critical Rule 30(b)(6) deposition testimony and to testify for more than 7 hours.

First, CFPB refuses to testify about four topics at the heart of its claims in Count I that Defendants must wait 6-months before billing clients pursuant to the Telemarketing Sales Rule's ("TSR") advance-fee provision, 16 C.F.R. § 310.4(a)(2).

1. Heath Topic 2 concerns the history and interpretation of the advance-fee provision. This testimony is relevant to Defendants' defense that the CFPB's application of the rule here rests on a novel interpretation inconsistent with the regulation's history and rule-making record. Compl. ¶¶ 129-134; ECF No. 65 (10th & 12th Defenses); ECF No. 66 (9th & 11th Defenses).

2. Heath Topic 3 addresses CFPB's formal and informal guidance on credit repair, which Defendants believe will show the absence of meaningful guidance for credit repair providers. The CFPB asserts this is irrelevant to the lawsuit and the topic is too burdensome.

3. Heath Topic 6 seeks testimony on CFPB's knowledge of any credit repair company that waits six months before requesting or receiving fees—the required time period that CFPB claims applies to all credit repair companies. Defendants are unaware of any such company, and are entitled to discover whether CFPB has facts, information or knowledge on this topic given its relevance to the litigation. Compl. ¶¶ 130, 133; ECF Nos. 65 & 66 Third Defenses).

4. Heath Topics 12-13 (Progrexion Topics 17-18) seek CFPB's knowledge of non-privileged exculpatory facts about Defendants, which would tend to prove that CFPB's lawsuit relies on a highly selective filtering of Defendant Heath's clients. CFPB refuses, incorrectly arguing that it requires CFPB to sit as trier of fact and testify as to work product. CFPB has been

1

sanctioned before for refusing such testimony.  *CFPB v. Univ. Debt & Payment Solutions, LLC*, No. 1:15-cv-0859-RWS, Dkt. No. 436 at 15-17, 21-22 (N.D. Ga. Aug. 25, 2017).

Second, CFPB refuses to sit for more than one 7-hour deposition absent a Court Order under Rule 30(a)(2)(A) (Deposition Notices Ex. A & B).  Defendants offered to take just 12 hours of testimony (and would accept 10 hours) but CFPB will not compromise.  Exs. C-F.  The deposition time Defendants seek is more than fair given (1) the expansive lawsuit against six different Defendants, seeking separate and incongruent relief (Count II-V are not asserted against Heath PC), based on separate facts, separate consumers, and subject to separate defenses (ECF Nos. 65 & 66), and (2) CFPB's own demand for 28 hours of 30(b)(6) testimony from Defendants.  Courts regularly allow more than 7 hours of testimony in similar circumstances.  *See County of Brunswick v. Lexon Insurance Company*, 2010 WL 11565094, at *4 (E.D.N.C. Feb. 8, 2010); *Kruse Technology Partnership v. DMAX, Ltd.*, 2009 WL 10674038, at *2 (C.D. Cal. Dec. 16, 2009).

Dated:  April 25, 2021

Respectfully submitted,

/s/ *W. Kyle Tayman*
Thomas M. Hefferon*
W. Kyle Tayman*
Christina L. Hennecken*
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000
thefferon@goodwinlaw.com
ktayman@goodwinlaw.com
chennecken@goodwinlaw.com

2

William J. Harrington*
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
(212) 459-7140
wharrington@goodwinlaw.com

Courtney L. Hayden*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
chayden@goodwinlaw.com

Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

*Attorneys for Defendants*
(*admitted *pro hac vice*)

## **EXHIBITS**

Exhibit A: March 30, 2021 Heath, PC's Notice of Rule 30(b)(6) Deposition of Plaintiff Bureau of Consumer Financial Protection

Exhibit B: March 30, 2021 Progrexion Defendants' Notice of Rule 30(b)(6) Deposition of Plaintiff Bureau of Consumer Financial Protection

Exhibit C: April 6, 2021 Plaintiff Bureau of Consumer Financial Protection's Response and Objections to Heath, PC's Notice of Rule 30(b)(6) Deposition

Exhibit D: April 6, 2021 Plaintiff Bureau of Consumer Financial Protection's Response and Objections to Progrexion Defendants' Notice of Rule 30(b)(6) Deposition

Exhibit E: April 15, 2021 Letter, W. Kyle Tayman (Defendants) to Maureen McOwnen (Plaintiff).

Exhibit F: April 22, 2021 Letter, Tracy L. Hilmer (Plaintiff) to W. Kyle Tayman (Defendants).

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2021, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

/s/ *W. Kyle Tayman*
W. Kyle Tayman

## **MEET AND CONFER CERTIFICATE**

Pursuant to Fed. R. Civ. P. 26(c) and DUCivR 37-1(a)(4), I certify that counsel for the parties conferred on objections related to the Progrexion Defendants and Heath's Rule 30(b)(6) Deposition Notices of Plaintiff telephonically on April 12, 2021, April 13, 2021 and via written correspondence on April 15, 2021 and April 22, 2021.

Dated: April 25, 2021

/s/ *W. Kyle Tayman*
W. Kyle Tayman