# Exhibit E

GOODWIN

W. Kyle Tayman
+1 202 346 4245
KTayman@goodwinlaw.com

Goodwin Procter LLP
1900 N. St., NW
Washington, DC 20036

April 15, 2021

**VIA EMAIL (maureen.mcowen@cfpb.gov)**

Maureen McOwen
Senior Litigation Counsel
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552

**Re: CFPB v. Progrexion Marketing, Inc., et al., Case No. 2:19-cv-00298-BSJ (D. Utah)**

Dear Counsel:

This letter follows the Parties' April 12 and April 13, 2021 meet and confers and attempts to resolve the Bureau's objections and reach agreement as to the Topics set forth in Defendants Progrexion Marketing, Inc., PGX Holdings, Inc., Progrexion Teleservices, Inc., and eFolks, LLC's (the "Progrexion Defendants") and Heath, PC's Notices of Rule 30(b)(6) Depositions. We were able to find common ground on many of the Topics, as set forth below, and we are hopeful the Parties can resolve the remaining issues without the need for Court intervention.

## I. Number of 30(b)(6) Deposition Notices and Allotted Time

The Bureau objects to the Progrexion Defendants and Heath, PC each serving separate Rule 30(b)(6) deposition notices, and has not agreed to sit for more than 7 hours of Rule 30(b)(6) deposition testimony. The Bureau's position is unsubstantiated. The facts specific to this case make clear that if the Progrexion Defendants and Heath, PC are forced to seek leave of court to each obtain one 7-hour day each of 30(b)(6) deposition testimony, it would be granted. The Bureau filed an expansive lawsuit against these Defendants, who operate as separate companies. Due process entitles both the Progrexion Defendants and Heath, PC to understand and fully investigate the claims brought against each of them, and the basis for such claims. *See County of Brunswick v. Lexon Insurance Company*, 2010 WL 11565094, at *4 (E.D.N.C. Feb. 8, 2010) ("[T]he Rules do not limit a party to being deposed once under Rule 30(b)(6)"); *Kruse Technology Partnership v. DMAX, Ltd.*, 2009 WL 10674038, at *2 (C.D. Cal. Dec. 16, 2009) (recognizing that "[a]ny defendant may serve a separate Rule 30(b)(6) deposition notice on separate discrete topics."). The Parties can, and should, resolve this issue without judicial intervention.

The cases cited by the Bureau in its April 6, 2021 letter do not change that the Progrexion Defendants and Heath, PC are each entitled to separate 30(b)(6) depositions. Two of the cited cases, *Foreclosure Management Co. v. Asset Management Holdings, LLC*, 2008 WL 3895474 (D. Kan. Aug. 21, 2008) and *McCarty v. Liberty Mutual Insurance Co.*, 2016 WL 8290151 (D. Wyo. Sept. 27, 2016), involve completely distinguishable fact scenarios, as neither involve multiple

parties seeking to take separate 30(b)(6)depositions. Further, neither of those cases hold that separate 30(b)(6) depositions are forbidden. *Foreclosure Management Co.*, 2008 WL 3895474 at *2; *McCarty*, 2016 WL 8290151 at *4 (refusing to "choose" whether the "competing textual and function approaches" adopted by courts should blanketly apply, but instead holding that, after a fact-specific inquiry, multiple depositions were inappropriate in that case).

The third case cited by the Bureau, *City of Las Cruces v. United States*, 2021 WL 330062 (D.N.M. Feb. 1, 2021), is also distinguishable. There, after engaging in—yet another—fact specific inquiry, the Court held that, after one 30(b)(6) deposition already occurred, another defendant could not notice a separate 30(b)(6) deposition just because that defendant had scheduling issues prohibiting it from appearing during the first 30(b)(6) deposition. *Id*. at *6. There is no indication that the defendants sought different 30(b)(6) testimony or required additional time. The court did not hold that multiple 30(b)(6) depositions were improper across the board. *Id*.

In the spirit of compromise, the Progrexion Defendants and Heath, PC offer to reduce the 14 hours of 30(b)(6) testimony they are entitled to obtain, to 12 hours so that they may adequately cover the Bureau's claims through the noticed Topics. This is more than fair given the 28 hours of 30(b)(6) testimony the Bureau seeks from the Defendants. Please let us know if this is acceptable to the Bureau. If the Parties are unable to reach a compromise, the Defendants reserve the right to seek the full 14 hours from the Court.

## II. Number of Deposition Topics

To address the Bureau's objection to the Progrexion Defendants and Heath, PC each serving one 30(b)(6) notices, and the Bureau's objection to sitting for a deposition on more than 20 total Topics, and with the understanding that each of these Defendant groups will be able to elicit testimony specific to them through each Topic, Defendants lay out below 18 Topics we would examine during the May 13 (and presumably May 14 as proposed in my April 13 letter) deposition.[1]

We understand that the Parties are in agreement that the following Topics will be covered in the Bureau's Rule 30(b)(6) deposition:

1. <u>Heath Topic 4 / Progrexion Topic 4</u> ("For each consumer for which you seek to recover damages or penalties in this lawsuit under Count I, the basis for your contention that Heath, PC charged the consumer in violation of the Telemarketing Sales Rule's advance-fee provision, 16 C.F.R. § 310.4(a)(2)." / "For each consumer for which you seek to recover damages or penalties in this lawsuit under Count I, the basis for your contention that the Progrexion Defendants charged the consumer in violation of the Telemarketing Sales

[1] Defendants' numbered list in this letter identifies the total number of Topics, some of which represent Topics that were previously identical across the two deposition notices, and others represent a single Topic that the Parties discussed encapsulate other Topics.

GOODWIN



Rule's advance-fee provision, 16 C.F.R. § 310.4(a)(2)"). The Parties agreed that the testimony would concern the former clients and consumers identified in the Bureau's Rule 26(a) disclosures, including all supplemental disclosures.

2. Heath Topic 5 ("For each consumer for which you seek to recover damages or penalties in this lawsuit under Count I, identify the actions or statements that you contend were 'promised results' pursuant to the Telemarketing Sales Rule's advance-fee provision, 16 C.F.R. § 310.4(a)(2).") As with Heath Topic 4, the Parties agreed to limit this topic to former clients identified in the Bureau's Rule 26(a) disclosures, including all supplemental disclosures.

3. Heath Topic 7 / Progrexion Topic 5 ("The scope, use, intent, purpose, methodology, results and conclusions of any samples you intend to use to prove any claim in this Litigation."). The Parties agreed that the Bureau will testify regarding any samples, including the methodology used to identify the sample call recordings and confidence intervals applied.

4. Heath Topic 9 / Progrexion Topic 13 ("The circumstances by which the Bureau first became aware, and when the Bureau first became aware, of the facts and information that you contend gave rise to each of the alleged violations of law and claims for relief, including awareness of any facts or circumstances that would have enabled you to discover violations or claims with the exercise of additional diligence.") The Parties agreed that the Bureau will testify as to the dates the Bureau became aware of facts giving rise to its claims made under Counts II and V. Defendants understand that the Bureau does not dispute that it was aware of all facts underlying its Count I claim prior to March 8, 2016.

5. Heath Topic 10 / Progrexion Topic 15 ("The amount and calculation of all relief, damages, disgorgement, consumer loss, civil monetary penalties, refund, restitution or repayment you are seeking in this lawsuit, including all facts and evidence supporting such amount and calculation.") The Parties agreed that the Bureau would only be able to testify during the deposition as to the amounts and calculations known to it as of that day and that it is technically possible that additional discovery would later be obtained that would change its testimony.

6. Heath Topic 13 / Progrexion Topic 18 ("The identity of any individual Heath, PC credit repair customer or client with whom the Bureau has communicated, and the content of those communications." / "The identity of any individual CreditRepair.com or Heath, PC credit repair customer or client with whom the Bureau has communicated, and the content of those communications.") The Parties agreed that this testimony would concern the substance of communications, but would not include the identities of individuals not disclosed by the Bureau, in other to further the Bureau's objection of protecting those individuals' privacy.

7. Heath Topic 14 / Progrexion Topic 19 ("The identity of the witnesses and/or potential witnesses the Bureau interviewed or otherwise contacted in connection the Bureau's investigation of Defendants in this Litigation, and any statements made by the witnesses or potential witnesses relating to Defendants or the Agreed Upon Introducers."). The Bureau explained that it would not provide testimony on discussions with witnesses who did not eventually provide a declaration in this case under the guise of work product protection. Defendants do not agree with the Bureau's assertion of work product over its communications with third-parties, and reserve their right to bring this objection to the Court. For purposes of resolving outstanding issues with Heath Topic 14 and Progrexion Topic 19, Defendants agree that the Bureau will provide testimony concerning the identity of individuals the Bureau disclosed to the Defendants, and the facts derived from those interviews and statements. Defendants explicitly reserve the right to seek relief from the Court should the Bureau attempt to use witnesses at summary judgment or at trial individuals not previously identified and whose identity the Bureau refuses to testify about during this deposition.

8. Progrexion Topic 1 ("All documents produced, written discovery responses served, and pleadings filed by you in this Litigation."). The Parties agreed that the Bureau will prepare a witness to testify on the Bureau's responses to the Progrexion Defendants' and Heath, PC's First Sets of Interrogatories.

9. Progrexion Topic 2 ("The factual bases, including the source of those facts, for each and every allegation and claim pleaded against Defendants in the CFPB's Complaint.") To accommodate the Bureau's request that Defendants identify particular paragraphs of the Complaint as those for which they seek testimony, Defendants identify the following: ¶¶ 3-4, 37, 50, 52, 60-64, 71-76, 81, 88-93, 97, 100-108-128.

10. Progrexion Topic 3 ("The monetary and injunctive relief you seek to recover in this Litigation, including the reasons for each."). The Parties agreed that the testimony will concern the Bureau's calculation of monetary relief, and facts that support the Bureau's claim for injunctive relief.

11. Progrexion Topic 10 ("All facts relating to the CFPB's claims that the Progrexion Defendants provided substantial assistance to Agreed Upon Introducers."). The Parties agreed that the Bureau will provide testimony about the facts supporting their claims that the Progrexion Defendants provided substantial assistance to the Agreed Upon Introducers.

12. Progrexion Topic 11 ("For each consumer for which you seek to recover damages or penalties in this lawsuit under Counts II-V, the basis for your contention that the Progrexion Defendants knew the Agreed Upon Introducer deceived or misled the consumer.") The Parties discussed during the April 13th meet and confer and agreed that Progrexion Topics 7, 8, and 9 are encapsulated within Topic 11, and that the Bureau agrees to provide

testimony on Topic 11. The Parties also agreed that Topic 12 is encapsulated within Topic 11. Therefore, with that understanding, the Defendants withdraw Topics 7, 8, 9, and 12. The testimony will concern the basis for the Bureau's contention that the Agreed Upon Introducer engaged in deceptive marketing techniques, and that the Progrexion Defendants knew as much.

13. Progrexion Topic 14 ("Identification of all evidence to support your claim that there is a common enterprise between PGX Holdings, Inc., Progrexion Marketing, Inc., Progrexion Teleservices, Inc., eFolks, LLC, and CreditRepair.com.") The Parties agreed that there is no dispute, and that the Bureau will provide testimony concerning the evidence supporting its claim that the Progrexion Defendants participated in a common enterprise.

We understand that the Bureau is conferring internally to decide whether it will agree to provide testimony regarding the following Topic:

14. Heath Topic 8 / Progrexion Topic 6 ("Complaints to the CFPB, BBB, or other governmental entities regarding the Agreed Upon Introducers, Heath, PC, and CreditRepair.com.") Defendants clarified that they are requesting testimony about the Bureau's process of receiving, evaluating, and categorizing complaints. As explained, we are not seeking testimony on the complaints process of other agencies, but instead are seeking testimony to understand, for example, how the Bureau evaluated BBB complaints that are a subject of this lawsuit and support the Bureau's allegations. The Bureau agreed to inform Defendants whether it agrees to provide testimony on the complaints identified in the Bureau's March 25, 2020 letter to me. *See* March 25, 2020 Ltr. to K. Tayman. We look forward to hearing from you.

We further understand that the Parties are at an impasse over the following Topics, but please let us know if we are mistaken:

15. Heath Topic 2 ("The interpretation, purpose, and history of the Telemarketing Sales Rule's advance-fee provision, 16 C.F.R. § 310.4(a)(2)."). As we explained on April 12, Defendants are entitled to know how the Bureau interprets the Telemarketing Sales Rule's advance-fee provision, 16 C.F.R. § 310.4(a)(2). The Bureau's contention that such testimony seeks a legal conclusion is inaccurate. Furthermore, Defendants are entitled to factual testimony on this issue because of the novelty of how the regulation is being interpreted and applied by the Bureau.

16. Heath Topic 6 ("The identity and facts and circumstances of credit repair companies that wait at least six months before requesting or receiving any fees pursuant to the Telemarketing Sales Rule's advance-fee provision, 16 C.F.R. § 310.4(a)(2)."). Related to Heath Topic 2, Defendants are entitled to know whether the Bureau is aware of any company that waits at least a six month period before requesting or receiving any fees as

GOODWIN



set forth in the Telemarketing Sales Rule's advance-fee provision, 16 C.F.R. § 310.4(a)(2). As discussed, Defendants are unaware of any company that applies the provision in the manner being enforced by the Bureau. Defendants are entitled to discover whether or not the Bureau has facts, information or knowledge of any credit repair company that waits six months before requesting fees. This is highly relevant to the Bureau's claims and the Defendants' defenses. *See, e.g.*, Heath, PC's Third Defense.

17. Heath Topic 3 ("All regulations, manuals, guides, bulletins, videos, supervisory highlights, or other formal and informal guidance or requirements, concerning the provision of credit repair services to consumers."). As we explained on April 12, the Bureau has taken the position throughout this case that it does not believe consumers benefit from the credit repair services provided by the Defendants. The Bureau has also produced webpages and other guidance that pertains to the provision of credit repair services to consumers, including billing consumers for those services provided. By refusing to provide testimony on credit repair services, the Bureau is preventing discovery into facts asserted against the Defendants.

18. Heath Topic 12 / Progrexion Topic 17 ("All information you have, and the source of the information, that is exculpatory of Heath, PC, or otherwise undermines or refutes the allegations and claims asserted in the Complaint." / "All information you have, and the source of the information, that is exculpatory of the Progrexion Defendants, or otherwise undermines or refutes the allegations and claims asserted in the Complaint."). Defendants explained on the Parties' April 13 conferral that they are seeking non-privileged exculpatory facts and information maintained by the Bureau that undermines its claims against the Defendants. The Bureau explained that providing such testimony would be require it to sit as a trier of fact and testify as to work product. Defendants disagree, and again remind the Bureau that it was previously sanctioned for refusing to identify exculpatory evidence during a Rule 30(b)(6) deposition. *CFPB v. Univ. Debt & Payment Solutions, LLC*, No. 1:15-cv-0859-RWS, Dkt. No. 436 at 15-17, 21-22 (N.D. Ga. Aug. 25, 2017).

If the Bureau agrees to the Topics set forth above, to be taken through 12 hours of 30(b)(6) testimony, then Defendants agree to withdraw the following Topics:

1. Heath Topic 1 ("Complaints the CFPB has received from consumers about errors, inaccuracies, and confusion on their credit reports.")

2. Heath Topic 11 / Progrexion Topic 16 ("Former Director Kathy Kraninger's consideration and July 9, 2020 ratification of this Litigation, including the factual reasons for issuing the ratification.")

GOODWIN



3. Progrexion Topic 20 ("The policies, guidelines, instructions, or directives to Bureau personnel regarding the definition, interpretation, or application of the terms (1) "unfair" and (2) "deceptive" as these terms are used in any statute, provision of law, or regulation the Bureau claims the Defendants violated, or as used in any internal or external policy, directive or procedure the Bureau applied in examining, investigating, or taking enforcement action against the Defendants, from January 1, 2014 to the present. This topic includes, but is not limited to, any changes or modifications of the interpretation or definition of the above terms during the same period."). The Parties discussed on April 13 that Defendants would consider the Bureau's request that they identify public statements that the Bureau would testify to. Defendants will identify such statements.

Please let us know by Monday, April 19 whether the Bureau agrees to 12 hours of 30(b)(6) testimony and whether the Bureau has changed its position on the Topics listed as Nos. 15-18 above, if it will provide testimony on the Topic as limited by No. 14, or if there is anything further you wish to discuss on these Topics.

Sincerely,

*/s/ W. Kyle Tayman*
W. Kyle Tayman

cc: All counsel of record