Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

Thomas M. Hefferon
Goodwin Procter LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4000
thefferon@goodwinlaw.com
(additional counsel listed on signature page)

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>     Plaintiff,<br><br>    v.<br><br>PROGREXION MARKETING, INC.; PGX HOLDINGS, INC.; PROGREXION TELESERVICES, INC.; EFOLKS, LLC; CREDITREPAIR.COM, INC.; and JOHN C. HEATH, ATTORNEY AT LAW, PC, D/B/A/ HEATH P.C.,<br><br>     Defendants. | Case No. 2:19-CV-00298-BSJ<br><br>**DEFENDANTS' SHORT FORM MOTION FOR PROTECTIVE ORDER AND TO ENFORCE SCHEDULING ORDER** |

In December 2020, this Court issued a Scheduling Order providing that all document requests from a party "must be served by **December 15, 2020**," and all Rule 33 interrogatories "must be served no later than **April 14, 2021**." (ECF 115, "Scheduling Order").  In violation of that Order, Plaintiff served four sets of written "expert-related" discovery on Defendants in August and October 2021.  The requests effectively seek to reopen fact discovery and stall this case from moving forward.  Therefore, Defendants respectfully request that the Court enter a protective order precluding Defendants from responding and enforcing the Scheduling Order.

**Plaintiff's Requests Are Untimely.**  On August 30 and October 28, 2021, Plaintiff served sixty-four "expert-related" document requests and one interrogatory on Defendants (on top of Plaintiff's prior 167 document requests and 137 interrogatories).  Exs. 1-4.  Plaintiff offered no justification for these untimely requests during the parties' meet-and-confer, instead insisting the Scheduling Order set forth a separate phase of written discovery for the parties related to experts.  But on its face the Scheduling Order (submitted jointly to the Court) makes no such allowance.  Plaintiff's bizarre interpretation is inconsistent with the Order's plain words:  no new document requests were permitted after December 15, 2020, and "**all**" Rule 33 interrogatories "must be served no later than **April 14, 2021**."  A protective order is necessary under these circumstances when a party's discovery requests violate explicit deadlines in the scheduling order.  *Sun River Energy. v. Nelson*, , 2012WL2920902, at *3 (D. Colo. July 16, 2012).  Defendants should not be required to further respond to the discovery.

To the extent Plaintiff contends the Court's September 30, 2021 Order (ECF 189), which resolved Plaintiff's motion to extend summary judgment-related deadlines and was submitted over Defendants' objection (Ex. 5), created an  entirely new phase of discovery, the Court should reject this argument and enforce the plain terms of the Scheduling Order.  The supposed scheduling

1

change was not the subject of a meet-and-confer, briefed, argued by the parties, or discussed with the Court at the September 22 hearing. Plaintiff's position that the Court unknowingly amended the Scheduling Order in its September 30 order and created a new phase of written party discovery is patently absurd.

**Plaintiff Seeks Fact, Not Expert, Discovery.** Plaintiff improperly characterizes its untimely requests as expert-related discovery. They are not. Plaintiff has been provided all factual materials the experts relied upon in their reports. Plaintiff's requests, however, seek documents entirely unrelated to the experts' work, and are plainly a pretext to reopen fact discovery on matters Plaintiff never sought before or failed to request. Ex. 3-4 (seeking discovery regarding marketing, social media, communications between Defendants and consumers, and documents produced during fact discovery that Plaintiff has possessed for months). The word "expert" is not a magical incantation that somehow reopens fact discovery. *Finjan, LLC v. Qualys*, 2020WL6581836 (N.D. Cal. Nov. 10, 2020). Plaintiff's unhappiness with its own discovery efforts is no basis to reopen discovery, amend the Scheduling Order, and move this case backwards, further away from trial.

Dated: November 2, 2021

Respectfully submitted,

/s/ *William J. Harrington*
Thomas M. Hefferon\*
W. Kyle Tayman\*
Christina L. Hennecken\*
Virginia Selden\*
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000
thefferon@goodwinlaw.com
ktayman@goodwinlaw.com
chennecken@goodwinlaw.com
vmccorkle@goodwinlaw.com

William J. Harrington\*
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
(212) 459-7140
wharrington@goodwinlaw.com

Courtney L. Hayden\*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
chayden@goodwinlaw.com

Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

*Attorneys for Defendants*
(\*admitted *pro hac vice*)

## DUCivR 37-1(a)(4) CERTIFICATION

Defendants certify that they have made reasonable efforts to reach agreement with Plaintiff on the disputed matters by meeting and conferring via telephone with counsel for Plaintiff on the following date, in which the below-named attorneys for each party participated:

**Date**
October 12, 2021

**Plaintiff's Counsel**
Maureen McOwen, Jonathan Reischl, Tracy Hilmer, Alicia Ferrara

**Defendants' Counsel**
Kyle Tayman, William Harrington, Courtney Hayden, Catalina Azuero, James An

/s/ William J. Harrington
William J. Harrington

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2021, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

/s/ William J. Harrington
William J. Harrington

5