# Exhibit 4

MAUREEN MCOWEN
JONATHAN REISCHL
TRACY L. HILMER
ALICIA FERRARA
(202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gov
1700 G Street, NW
Washington, DC 20552

*Attorneys for Plaintiff Bureau of
Consumer Financial Protection*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| BUREAU OF CONSUMER FINANCIAL PROTECTION, *Plaintiff*, v. PROGREXION MARKETING, INC., et al., *Defendants*. | Case No. 2:19-cv-00298-BSJ |
|---|---|

**PLAINTIFF'S SECOND SET OF EXPERT-RELATED REQUESTS FOR
PRODUCTION TO PGX HOLDINGS, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Amended Scheduling Order in this action (ECF 138), the Bureau of Consumer Financial Protection (Bureau), by its undersigned attorneys, requests that Defendant PGX Holdings, Inc., produce the documents including Electronically Stored Information, in its possession, custody, or control, as specified below, within 30 days of service, in accordance with Rule 34, the Agreed Specifications for Production of Documents and Electronically Stored Information (ESI Protocol), and the instructions below.

## DEFINITIONS

The definitions below apply to each of the Instructions and Requests herein. Notwithstanding any definition below, each word, term, or phrase used herein is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

A.  "And," as well as "or," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any request for production all information that otherwise might be construed to be outside the scope of the request.

B.  "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

C. "Bureau" means the Bureau of Consumer Financial Protection, a/k/a the Consumer Financial Protection Bureau.

D. "Defendants" means Heath and the Progrexion Defendants.

E. "Document" is synonymous in meaning and equal in scope to the usage of the terms "document" and "electronically stored information" in Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to:

    a. The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, paper, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, files, charts, logs, electronic files, stored in any medium; and

    b. Any electronically created or stored information, including, but not limited to electronic mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in a deleted

      items folder), word processing files, spreadsheets, databases, unorganized data, document metadata, presentation files, and sound recordings, whether stored on any cell phones, smartphones, flash drives, personal digital assistants (PDAs), cards, desktop personal computer and workstations, laptops, notebooks and other portable computers, or other electronic storage media, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes, whether stored on-site with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained off-site by a third party, or in computers and related offline storage used by Defendants or Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

F.   "Each" shall be construed to include "every," and "every" shall be construed to include "each."

G. "Electronically Stored Information" or "ESI" shall be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

H. "Expert Witness" means John Ulzheimer, John DelPonti, Jr., Stephen Craig Mott, Victor Stango, Thomas Maronick, Yoram (Jerry) Wind, and/or Arnold Barnett.

I. "Expert Witness Assistant" means any staff member, employee, associate, contractor, assistant, company, firm, or collaborator that assisted John Ulzheimer, John DelPonti, Jr., Stephen Craig Mott, Victor Stango, Thomas Maronick, Yoram (Jerry) Wind, and/or Arnold Barnett, with their expert reports in the above-captioned litigation.

J. "Heath" means John C. Heath, Attorney at Law, PC, f/k/a John C. Heath, Attorney at Law, PLLC, and all of its unincorporated divisions, joint ventures, and operations under assumed names, and all principals, directors, officers, owners, employees, agents, representatives, consultants, attorneys, accountants, independent contractors, and other persons working for or on behalf of the foregoing.

K. "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

L. "Progrexion Defendants" means PGX Holdings, Inc., Progrexion Marketing, Inc., Progrexion Teleservices, Inc., CreditRepair.com, Inc., and eFolks, LLC.

M. "Related to" means referring to, discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, comprising, showing, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

## INSTRUCTIONS

1. If, in responding to these Requests for Production, you encounter any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. These Requests are continuing, up to and during the course of the trial. Your response to these Requests must be supplemented as you obtain or become aware of additional information affecting any of your responses.

3. Responsive documents shall be produced in a format consistent with the ESI Protocol. Data extracted from existing data sets in response to any of the

below requests shall be produced in a CSV export file. Websites produced in response to any of the below requests shall include a site map and each page shall be produced as a consecutively bates-branded PNG or TIF image titled after the bates number followed by an underscore and the name of the page as listed in the sitemap (e.g., PREFIX00001_homepage).

4. Whenever you are asked to produce a document that you wish to assert may be properly withheld from production for inspection or copying, with respect to each document:

   a. If you are withholding the document under a claim of privilege (including, but not limited to, the work product doctrine), provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable the Bureau to assess the applicability of the privilege or protection claimed by you;

      b. If you are withholding the document for any reason other than a claim of privilege, an objection that it is beyond the scope of discovery, or that a Request is unduly burdensome, identify your objection as to each document and, in addition to the information requested in paragraph 3(a) above, state the reason for withholding the document.

5. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible (or audible in the case of an audio file) on the redacted document.

6. The present tense shall be construed to include the past and future tenses and the past tense shall be construed to include the present and future tenses, in order to bring within the scope of any Request below all information that otherwise might be construed to be outside the scope of such Request.

7. The singular of each word shall be construed to include its plural, and the plural of each word shall be construed to include its singular, and all forms thereof (e.g., participles and infinitives) shall be construed to include each other in order to bring within the scope of any Request below all information that otherwise might be construed to be outside the scope of such Request.

8. If there are no documents responsive to any Request or subparagraph of a Request, provide a written response so stating.

9. To the extent any document requested below has already been produced by the Progrexion Defendants, Heath, or one of Defendants' experts to the Bureau in the course of the Bureau's investigation or litigation of this matter, and it was produced in a format consistent with Rule 34 and either the Bureau's Document Submission Standards or the ESI Protocol, it need not be produced again; however, in lieu of producing such documents you must supply the Bates range of such earlier production and a privilege log consistent with Instruction 4, above. The Bureau reserves the right to object to any withholding or redaction on the basis of privilege regardless of whether it objected at the time of the original production.

10. During the pendency of the Covid-19 pandemic, please produce the documents responsive to these Requests via the Bureau's Extranet according

to the Bureau's instructions. Otherwise, please produce the documents responsive to these Requests by FedEx, UPS, or hand delivery to the following address:

> CFPB C/O Tony Hardy
> 18th Floor, 18028
> 1919 North Lynn Street
> Arlington VA 22209
> (703) 236-3063

## REQUESTS FOR PRODUCTION

1. Produce all information, data, or source material that the Defendants supplied or caused to be supplied to any Expert Witness or Expert Witness Assistant proffered in this Action on behalf of any Defendant.

2. All communications, including agreements and invoices, between Defendants and any Expert Witness or Expert Witness Assistant related to compensation for an Expert Witness's work, report, or testimony in this litigation.

3. All communications and other Documents shared or exchanged between Defendants and any Expert Witness or Expert Witness Assistant that identify facts or data that Defendants provided and that the Expert Witness considered in forming the opinions expressed in this litigation.

9

4. All communications and other Documents shared or exchanged between Defendants and any Expert Witness or Expert Witness Assistant that identify assumptions that the party's attorney provided and that any Expert Witness relied on in forming the opinions expressed in this litigation.

5. All Documents, such as notes, outlines, task lists, analyses, indexes, summaries, and memoranda, created by or for any Expert Witness related to this litigation or the formation of his expert opinion, other than drafts of the Expert Witness's expert report.

6. All exhibits, including demonstrative exhibits, that Defendants intend to use in connection with the presentation of any Expert Witness's testimony in this litigation, including at any hearing or trial.

7. All Documents related to any Lift Survey conducted since January 1, 2016, including but not limited to the 2018 Lift Survey and the 2020 Lift Survey, including all raw data, survey instruments, tests, results, methodologies, and communications about the survey.

8. All communications with persons about any review, testimonial, blog, advertisement, social media post, web page, or other communication written, posted, disseminated, shared, or endorsed by that person.

9. All Documents related to compensating any person for any review, testimonial, blog, advertisement, social media post, web page, or other communication written, posted, disseminated, shared, or endorsed by that person, including but not limited to all communications with such persons, the amount(s) of their compensation, and the content of the review, testimonial, blog, advertisement, social media post, web page, or other communication.

10. All Documents related to compensating any person to remove, delete, or alter any review, testimonial, blog, advertisement, social media post, web page, or other communication written, posted, disseminated, shared, or endorsed by that person, including but not limited to all communications with such persons, the amount(s) of their compensation, and the content of the review, testimonial, blog, advertisement, social media post, web page, or other communication.

11. All Documents describing any marketing programs or activities related to social media influencers, including those related to "influencer kits."

12. All Documents describing any marketing programs or activities related to websites that review credit repair companies or credit repair services.

13. All Documents describing any marketing programs or activities related to search engine optimization.

14. Documents sufficient to show a detailed breakdown of the Progrexion Defendants' marketing expenses for the years 2016 – 2021 (to date), including line-items for each marketing program, activity, project, and area.

15. Documents sufficient to show a detailed breakdown of Heath's marketing expenses for each of the years 2016 – 2021 (to date), including line-items for each marketing program, activity, project, and area.

16. Documents sufficient to show the amount any Defendant spent on any marketing programs or activities related to social media influencers for each of the years 2016 – 2021 (to date).

17. Documents sufficient to show the amount any Defendant spent on any marketing programs or activities, including but not limited to compensation for customer referrals or lead generation, related to websites that review credit repair companies or credit repair services for each of the years 2016 – 2021 (to date).

18. Documents sufficient to show the amount any Defendant spent on any marketing programs or activities related to search engine optimization for each of the years 2016 – 2021 (to date).

19.  Documents sufficient to show the amount any Defendant spent on any marketing programs or activities related to customer testimonials or consumer reviews for each of the years 2016 – 2021 (to date).

Dated: October 28, 2021

/s/ Maureen McOwen

MAUREEN MCOWEN
JONATHAN REISCHL
TRACY L. HILMER
ALICIA FERRARA
Enforcement Attorneys
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gpv

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2021, I served the foregoing document by email to the following counsel for Defendants:

Kyle Tayman <KTayman@goodwinlaw.com>
Thomas Hefferon <THefferon@goodwinlaw.com>
William Harrington <WHarrington@goodwinlaw.com>
Karra Porter <Karra.Porter@chrisjen.com>
Courtney Hayden <CHayden@goodwinlaw.com>
Christina Hennecken <CHennecken@goodwinlaw.com>
Virginia Selden McCorkle <VMccorkle@goodwinlaw.com>

Counsel for Defendants previously consented in writing to electronic service.

Dated: October 28, 2021

Maureen McOwen
Attorney for Plaintiff Bureau of
Consumer Financial Protection