Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

Thomas M. Hefferon
Goodwin Procter LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4000
thefferon@goodwinlaw.com
(additional counsel listed on signature page)

*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PROGREXION MARKETING, INC., et al.<br><br>　　　　　　Defendants. | Case No. 2:19-CV-00298-BSJ<br><br>**DEFENDANTS' SHORT FORM MOTION FOR PROTECTIVE ORDER AND TO ENFORCE SCHEDULING ORDER** |

Defendants renew their Motion for Protective Order, incorporating by reference its previously filed motion at ECF No. 206.

This Court's Scheduling Order provides that all document requests from a party "must be served by **December 15, 2020**," and all Rule 33 interrogatories "must be served no later than **April 14, 2021**." ECF 115 ("Scheduling Order"). In violation of these deadlines, Plaintiff served additional fact discovery on the Defendants, including requests in October 2021. *E.g.*, ECF No. 206-4. Plaintiff has moved to compel Defendants to produce two sets of documents related to those requests. ECF Nos. 238 and 240. The at-issue requests and motions do not seek information relied upon by any expert. Plaintiff has been provided all factual materials the experts relied upon in their reports. Instead, these requests are untimely demands for yet more fact discovery from the Defendants, disregarding the Scheduling Order and the parties' prior compromises from during fact discovery.[1] A protective order is necessary under these circumstances when a party's discovery requests violate explicit deadlines in the scheduling order. *Sun River Energy. v. Nelson*, 2012 WL 2920902, at *3 (D. Colo. July 16, 2012) (denying motion to compel discovery served after the close of fact discovery) (collecting cases); *Finjan, LLC v. Qualys*, 2020 WL 6581836, at *1 (N.D. Cal. Nov. 10, 2020) (rejecting demand for discovery sought under the guise of "expert" discovery; "The question does not seem close. Inspecting your opponent's materials or obtaining or accessing data or information is fact

---

[1] *See* ECF Nos. 253 and 254 (Defendants' oppositions to Plaintiff's motions to compel).

discovery."). Plaintiff has no basis to reopen fact discovery and delay this case, and Defendants should not be required to further respond to the discovery.

Dated: December 8, 2021				Respectfully submitted,

/s/ Karra J. Porter
Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

Thomas M. Hefferon*
W. Kyle Tayman*
Christina Hennecken*
Virginia Selden*
Goodwin Procter LLP
1900 N Street, N.W.
Washington, D.C. 20036
(202) 346-4000
thefferon@goodwinlaw.com
ktayman@goodwinlaw.com

William J. Harrington*
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
(212) 459-7140
wharrington@goodwinlaw.com

Courtney Hayden*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
chayden@goodwinlaw.com

*Attorneys for Defendants*
(*admitted *pro hac vice*)

## DUCivR 37-1(a)(4) CERTIFICATION

Defendants certify that they have made reasonable efforts to reach agreement with Plaintiff on the disputed matters by meeting and conferring via telephone with counsel for Plaintiff on the following date, in which the below-named attorneys for each party participated:

**Date**
October 12, 2021

**Plaintiff's Counsel**
Maureen McOwen, Jonathan Reischl, Tracy Hilmer, Alicia Ferrara

**Defendants' Counsel**
Kyle Tayman, William Harrington, Courtney Hayden, Catalina Azuero, James An

/s/ Karra J. Porter
Karra J. Porter

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2021, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

/s/ Karra J. Porter
Karra J. Porter