MAUREEN MCOWEN
JONATHAN REISCHL
TRACY L. HILMER
ALICIA FERRARA
LORRAINE VAN KIRK
(202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gov
lorraine.vankirk@cfpb.gov
1700 G Street, NW
Washington, DC 20552
*Attorneys for Plaintiff Bureau of
Consumer Financial Protection*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>*Plaintiff*,<br><br>v.<br><br>PROGREXION MARKETING, INC., *et al.*, | Case No. 2:19-cv-00298-BSJ<br><br>(REDACTED VERSION) |

**PLAINTIFF'S MOTION TO EXCLUDE THE REBUTTAL EXPERT
REPORT AND TESTIMONY OF THOMAS J. MARONICK**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................1

    I.   The Standard for Admitting Expert Testimony Is Rigorous. ...........................1

    II.   Maronick's Proffered Testimony Is Inadmissible. ........................................1

        A.   Courts regularly exclude Maronick's opinions in full or in part and afford them little or no weight. ................................................................................2

        B.   Maronick's testimony is unreliable and untested *ipse dixit* that is based on inaccurate and inadequate information. .......................................................5

        C.   Maronick uses no discernable methodology in analyzing the Survey responses. ...................................................................................................11

CONCLUSION .....................................................................................................13

# INTRODUCTION

Plaintiff Bureau of Consumer Financial Protection ("Bureau") moves to exclude Dr. Thomas J. Maronick's October 25, 2021 report (Ex. 1) ("Report") and any related testimony under Federal Rules of Evidence 403 and 702.

# ARGUMENT

## I. The Standard for Admitting Expert Testimony Is Rigorous.

The Court, as "gatekeeper," must determine that a proposed expert is qualified and that his testimony is "both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009). The proffering party bears the burden of establishing admissibility, *id.*, and "any step that renders the analysis unreliable ... renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003).

## II. Maronick's Proffered Testimony Is Inadmissible.

Dr. Maronick's Report purports to rebut the September 27, 2021 Expert Report of Dr. Shane Frederick (Ex. 2) ("Frederick Report"), specifically, Dr. Frederick's survey of Lexington Law customers from the Sample Hotswap

Affiliates ("Survey"). None of the Report's opinions meet the threshold requirements for admissibility, and they should all be excluded.

### A. Courts regularly exclude Maronick's opinions in full or in part and afford them little or no weight.

Before admitting expert testimony, the Court must "carefully and meticulously review the proffered scientific evidence" and may "consider [the expert's] credibility or weigh[] the evidence." *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1335 (10th Cir. 2004). Dr. Maronick's credibility and evidence are appropriately weighed and found wanting for the same litany of reasons that have led courts to regularly exclude and discount Dr. Maronick's opinions.

In the last decade, Dr. Maronick's expert reports have been completely excluded from federal court proceedings at least five times. *See In re Front Loading Washing Mach. Class Action Litig.*, No. CV-08-51-FSH, 2013 WL 3466821, at *7 (D.N.J. July 10, 2013) ("The Court will not permit the testimony of Dr. Maronick because it is just too unreliable to be of help."); *FTC v. Wash. Data Res.*, No. 8:09-CV-2309-T-23TBM, 2011 WL 2669661, *2 (M.D. Fla. July 7, 2011) ("Maronick's opinion derives from an incomplete review of pertinent evidence and depends upon an unverified, unsupported, and speculative claim," "rests entirely on Maronick's unlearned prediction," and "appears purely speculative, apart from any scientific or technical knowledge"); *City of*

2

*Goodlettsville v. Priceline.com*, No. 3:08-CV-00561, 2011 WL 1595847, at *4 (M.D. Tenn. Apr. 27, 2011) (excluding Dr. Maronick's "expert report … and testimony"); *Johns v. Bayer Corp.*, No. 09CV1935-AJB-DHB, 2013 WL 1498965, at *1, *28 (S.D. Cal. Apr. 10, 2013) (same); *see also Wilson v. Odwalla, Inc.*, No. 17-2763-DSF(FFMX), 2018 WL 3250161, at *2 (C.D. Cal. June 22, 2018) (striking Dr. Maronick's supplemental report).

During that same recent timeframe, Dr. Maronick's opinions have been excluded in part at least three additional times. *See FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-23971-CIV, 2019 WL 387294, at *4 (S.D. Fla. Jan. 30, 2019) (finding numerous omissions, "problems," and "lack of clarity" in Dr. Maronick's report, which "violates Rule 26"); *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1030-32 (C.D. Cal. 2018) ("Dr. Maronick's conclusions … [are] disconnected from the survey data," "*ipse dixit*," and "outside the scope of his expertise"); *A.L.S. Enters., Inc. v. Robinson Outdoor Prod., LLC*, No. 1:14-CV-500, 2016 WL 4260066, at *2 (W.D. Mich. May 13, 2016) ("Maronick's survey did not provide sufficient data for his conclusions," which are "wholly outside the scope of Maronick's study").

At least nine additional courts have discounted or afforded little or no weight to Dr. Maronick's opinions in the past decade alone. *See Tran v. Sioux Honey*

3

*Ass'n, Coop.*, 471 F. Supp. 3d 1019, 1029 (C.D. Cal. 2020) (holding that "the Maronick Report offer[s] no foundation upon which a factfinder could" decide for its proponent); *WIZKIDS/NECA, LLC v. TIII Ventures, LLC*, No. 17-CV-2400(RA), 2019 WL 1454666, at *12, (S.D.N.Y. Mar. 31, 2019) ("The Court gives the [Dr. Maronick] survey little weight…."); *Wish Atlanta, LLC v. Contextlogic, Inc.*, No. 4:14-CV-51(CDL), 2015 WL 7761265, at *12 (M.D. Ga. Dec. 2, 2015) ("The Court discounts Dr. Maronick's opinions…."); *Bruce v. Teleflora, LLC*, No. 2:13-CV-03279-ODW, 2013 WL 6709939, at *7 (C.D. Cal. Dec. 18, 2013) ("The problems with [Dr. Maronick's] purported [survey] damages model are manifold."); *Wreal LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2015 WL 12550932, at *16 & n.18 (S.D. Fla. Feb. 3, 2015) ("The Court notes that several courts in the last few years have either excluded or given little weight to Dr. Maronick's expert testimony on consumer perceptions or consumer surveys," and it, too, "gives no weight to Dr. Maronick's various criticisms"), *aff'd*, 840 F.3d 1244 (11th Cir. 2016); *POM Wonderful LLC v. Organic Juice USA, Inc.*, 769 F. Supp. 2d 188, 200 (S.D.N.Y. 2011) (Dr. Maronick's opinions may be "given little or no weight" by a factfinder given the numerous "methodological flaws alleged," including flaws that "severely undercut" his opinions and "evidence a lack of diligence on the part of Dr. Maronick"); *Oddo v. Arocaire Air Conditioning &*

4

*Heating*, No. 218CV07030CASEX, 2020 WL 5267917, at *9 (C.D. Cal. May 18, 2020) ("the Court has doubts regarding Dr. Maronick's opinions"); *see also Ramsay v. Sawyer Prop. Mgmt. of Md., LLC*, No. 1673, 2016 WL 6583892, at *18 (Md. Ct. Spec. App. Nov. 4, 2016) (faulting the plaintiff for hiring Dr. Maronick "to advocate its legal argument in the guise of expert testimony"); *McCrary v. Elations Co.*, No. EDCV130242JGBSPX, 2014 WL 12589137, at *14-16 (C.D. Cal. Dec. 2, 2014) (admitting expert report rebutting a survey by Dr. Maronick for ten reasons).

Incredibly, at his deposition, Dr. Maronick—a lawyer with an active bar license—affirmatively recalled only three times in his *lifetime* when his expert reports were excluded or discounted. Rep. 15 App. A; Tr. of Dep. of Thomas Maronick (Ex. 3) ("Dep.") 142:17-143:13. Yet in the past decade alone, Dr. Maronick's opinions have been excluded or discounted at least *seventeen times*—or more than five times as frequently as he reported ever recalling. His opinions and credibility here suffer from the same flaws that countless courts have identified before.

### B. Maronick's testimony is unreliable and untested *ipse dixit* that is based on inaccurate and inadequate information.

Dr. Maronick's opinions are unreliable, unhelpful, unduly prejudicial, and likely to confuse and mislead the jury. He fails to test his scattershot survey-

5

method critiques or even apply them meaningfully to the Survey; his testimony is based on inaccurate and inadequate information; his opinions are manufactured expressly for this litigation; and there are gaping evidentiary gaps between his strident *ipse dixit* conclusions and his limited grasp of the facts.

The list of what Dr. Maronick did not do is long. Dr. Maronick did not perform any statistical analysis, data analysis, or surveys. Dep. 20:21-21:9. He did not consider the studies or evidence that Dr. Frederick cites ███████ ███.[1] *Id.* 18:4-19:3; 44:5-18. He did not research Defendants' or the Hotswaps' businesses. *Id.* 19:7-13. He did not research the fields of credit repair or credit reporting or scoring, in which he is not an expert ███████████. *Id.* 19:4-6, 21:10-23, 137:20-21. He did not review anything beyond Dr. Frederick's reports and the complaint. ███████████████████████████████████ *Id.* 17:10-18:11, 77:9, 76:15-16.

---

[1] ███████████████████████████████████████████████████████████████████████████████████

Dr. Maronick's conclusions are unconstrained by his lack of knowledge and analysis. He is confidently wrong about the case in numerous ways.[2] He criticizes the Survey for using methodology that he himself regularly employs in his published work.[3] He does not even stand behind his Report's conclusions. For instance, the Report ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Rep. 8, 12. Yet at deposition, Dr. Maronick ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dep. 72:5, 79:6, 79:13. 86:11-12. The unreliability of Dr. Maronick's Report is evidenced by his swift retreat from it.

---

[2] For example, Dr. Maronick repeatedly mistook Defendant Lexington Law for an entity called "Lincoln Law." *See* Dep. Errata Sheet 1. More significantly, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Yet the Survey expressly asks respondents, "Did you get a 'Rent to Own' home?" Frederick Rep. 11. This question and the parallel question about mortgages ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ are centerpieces of the Survey and Dr. Frederick's principal conclusions. Frederick Rep. 4.

[3] Dr. Maronick's own surveys regularly omit response rates, Dep. 50:4-7, 48:14-49:6; use Qualtrics, *id.* 25:15-26:2; ▉▉▉▉▉▉▉, *id.* 128: 7-18; and employ incentives, *id.* 26:21-23, 29:20-22.

7

Dr. Maronick's underinformed opinions are also untested. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, an initial "key question" is whether an expert's theory "can be (and has been) tested." 509 U.S. 579, 593 (1993). Although "testing is not always required to satisfy the reliability threshold of Rule 702, it is particularly important … where the basis for the expert's opinion is subject to debate." *Heer v. Costco Wholesale Corp.*, 589 F. App'x 854, 862 (10th Cir. 2014). Such is the case here. Ideally, a survey expert should show that his survey-method critiques produce different results by conducting a separate survey. Yet Dr. Maronick does not even show that his criticisms are "applicable to [this] particular set of facts," as *Daubert* requires. *Dodge*, 328 F.3d at 1221.

"It is notoriously easy for one survey expert to *appear* to tear apart the methodology of a survey taken by another."[4] *THOIP v. Walt Disney Co.*, 690 F. Supp. 2d 218, 230 (S.D.N.Y. 2010) (emphasis added). Because a survey's methodology can easily *appear* assailed, "courts do and should ignore or give little weight to survey criticisms absent a showing that using the approach the critiquing

---

[4] Surveys are inherently subject to debate because "there is no such thing as a 'perfect survey.'" *THOIP v. Walt Disney Co.*, 690 F. Supp. 2d 218, 230 (S.D.N.Y. 2010) (internal quotation marks omitted). Indeed, often, "the more scrupulous the survey methodology, …the more harassing the cross examination" since scrupulous surveys sunshine their methodology and assumptions, thereby prompting cross examination and attack. 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:178 (2021).

8

expert believes to be correct would lead to a different result." *Wreal LLC*, 2015 WL 12550932, at *16 (emphasis added) (citing sources). This, Dr. Maronick utterly fails to do. Dr. Maronick does not even consistently specify how his mostly one-to-four-sentence scattershot critiques apply to the Survey—let alone test them, cite his sources, or show that they produce a different result.

For example, the Report ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Rep. 5. But Dr. Maronick does not ground this critique in the Survey or explain how ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[5] Frederick Rep. 11, 14. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[6]



literature that Dr. Frederick quoted in a report that Dr. Maronick said he read. Dep. 114:4-8, 117:16-20, 119:13-17, 124:21-125:3,18:6-8; Rebuttal Report of Shane Frederick 10 n.14 (Nov. 22, 2021) (Ex. 6). Dr. Maronick's general critique cannot show that any specific question is flawed, because he failed to consider how Dr.

---

[5] Four of the remaining close-ended Survey questions include "Other" as a response option, and another three are the subject of open-ended follow up questions. Frederick Rep. 10-18.

[6] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Frederick's questions were actually asked and framed, and in surveys, as Dr. Maronick himself admits, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ Dep. 107:6-13, 109:9-19.

Dr. Maronick's untested, citationless, inherently debatable opinions should be excluded. *See, e.g.*, *United States v. Orr*, 692 F.3d 1079, 1093 (10th Cir. 2012) (approving of exclusion of expert whose methodology was "untested" and "untestable"); *Taber v. Allied Waste Sys., Inc.*, 642 F. App'x 801, 809-12 (10th Cir. 2016) (faulting and excluding expert who "fail[ed] to test his theory"); *Heer*, 589 F. App'x at 861-63 (affirming exclusion of expert who "made no attempt to test his theory"); *Rodgers v. Beechcraft Corp.*, 759 F. App'x 646, 664 (10th Cir. 2018) (same); *see also Smith v. Terumo Cardiovascular Sys. Corp.*, No. 2:12-CV-00998-DN, 2017 WL 3394594, at *5 (D. Utah Aug. 7, 2017) ("Without testing, [the proffered expert's] conclusion is only a theory with inadequate support."). Dr. Maronick's "methodological [survey] criticisms would have been substantially aided by proof that the correct methodology would have led to a different result." *His & Her Corp. v. Shake-N-Go Fashion Inc.*, No. 211CV05323CASVBKX, 2015 WL 13604255, at *4 (C.D. Cal. Apr. 6, 2015) (internal quotation marks omitted). But he offers no such proof.

10

**C. Maronick uses no discernable methodology in analyzing the Survey responses.**

Dr. Maronick's Report codes and tabulates the verbatim response of dissatisfied Survey respondents and confidently concludes [redacted] Rep. 3-4, 8; *see id.* 10 (similar, and including no qualifiers or caveats). His analysis and opinions are unreliable and observe no discernable methodology. Among other basic methodological errors, Dr. Maronick:

- Fails to code multiple verbatim responses, *see, e.g.*, 0-R-030666-00000001 (Ex. 4), 0-R-030666-00000002 [redacted], 0-R-030666-00000004 [redacted], R-030666-0000009 (Ex. 5), R-030666-00000014 [redacted];
- Uses different codes in the verbatim responses and the summary tabulations, *e.g.*, *compare* 0-R-030666-00000002-03 [redacted], *with* Rep. 10 tbl. 2 [redacted];
- Cannot reproduce his own coding, *e.g.*, *compare* 0-R-030666-00000002 [redacted], *with* Dep. 80:22-81:21 [redacted]; *compare* 0-R-030666-00000005 [redacted], *with* Dep. 90:17-91:19 [redacted];
- Codes the wrong number of responses, *compare* Rep. 10 tbl. 2 [redacted], *with* R-030666-00000010-14 [redacted]; *compare* Rep. 8 tbl. 1 [redacted], *with* Frederick Report 53, App. E [redacted];
- Undercodes deception, *e.g.*,

- o 0-R-030666-00000013 ██████████████
██████████████████████ ;

- o 0-R-030666-00000003: ████████████
████████████████████████████████████
████████████████████

- o 0-R-030666-00000007: ████████████
████████████████████████████████████

- o Dep. 86:20-88:5 ██████████████████
████████████████████

- Codes similar responses differently, *e.g.*:

  - o *compare* 0-R-030666-00000012 ████
████████████, *with id.* ██████████
████ ;

  - o *compare* 0-R-030666-00000006 ████
████████████████████████████████████
, *with* 0-R-030666-00000007 ████████
████████████████████ ;

  - o *compare* 0-R-030666-0000006 ████
████████████████████████████████████
████████████████████████████████, *with*
0-R-030666-00000007 ████████████████
████████████████████████████████████
████ ;

- Miscodes responses as ██████████████████████ Rep. 8, *e.g.*,

  - o *compare* 0-R-030666-00000002 ████
████████████████████████████████████

███, *with* Compl. ¶72 (ECF 2) (alleging "Hotswap Partners have used advertisements that included fake real estate ads, fake rent-to-own housing opportunities, fake relationships with lenders");

- ███████████████████████████████████████████;

- Omits any coding criteria or standards, *cf.* Fed. Jud. Ctr., *Reference Manual on Scientific Evidence* 413 (3d ed. 2011) (hereinafter "Reference Manual") ("Coding of answers to open-ended questions requires a detailed set of instructions so that decision standards are clear and responses can be scored consistently and accurately."); and

- Omits any check for consistency by a second coder, Dep. 72:15-16; *cf.* Reference Manual 413 ("Two trained coders should independently score the same responses to check for the level of consistency in classifying responses.").

Courts reject expert coding and tabulations for far fewer and far lesser methodological errors. *See, e.g., Revlon Consumer Prod. Corp. v. Jennifer Leather Broadway, Inc.*, 858 F. Supp. 1268, 1276 (S.D.N.Y. 1994) (rejecting survey coding where expert coded similar responses differently and failed to follow the coding protocol), *aff'd*, 57 F.3d 1062 (2d Cir. 1995). *A fortiori*, Dr. Maronick's opinions here should be excluded.

## CONCLUSION

Ultimately, Dr. Maronick asserts that ████████████████████████████████████████████████████████████████████████ Rep. 12. This sweeping, untested conclusion

13

does not follow from Dr. Maronick's evidence. But it might be explained by Dr. Maronick's ignorance of the Survey and the case. After all, Dr. Maronick ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that the Survey expressly asked respondents, "Did you get a 'Rent to Own' home?" and "What did [the mortgage Hotswap] do for you?" Dep. 43:22-44:18, 132:9-10, Dep. 135:11-12; Frederick Rep. 11, 16. This, of course, is a centerpiece of the Survey and this case. Dr. Maronick's Report and related testimony should be excluded.

Dated: February 8, 2022                    Respectfully submitted,

/s/ Lorraine Van Kirk
MAUREEN MCOWEN
JONATHAN REISCHL
TRACY L. HILMER
ALICIA FERRARA
LORRAINE VAN KIRK
*Enforcement Attorneys*
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gov
lorraine.vankirk@cfpb.gov

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

14

# Index of Exhibits

Ex. 1:   Thomas J. Maronick, *Analysis of the Expert Report of Dr. Shane Frederick in matter of CFPB v. Progrexion Marketing et al.* (Oct. 25, 2021)

Ex. 2:   Expert Report of Dr. Shane Frederick (Sept. 27, 2021)

Ex. 3:   Transcript of the Deposition of Thomas Maronick (Dec. 13, 2021)

Ex. 4:   0-R-030666-00000001 (Dr. Maronick's coding of dissatisfied rent-to-own customers' verbatim responses based on Appendix E of the Frederick Report)

Ex. 5:   0-R-030666-00000009 (Dr. Maronick's coding of dissatisfied mortgage customers' verbatim responses based on Appendix G of the Frederick Report)

Ex. 6:   Rebuttal Report of Shane Frederick Concerning the Reports of Barnett, Maronick, DelPonti, and Stango (Nov. 22, 2021)

## CERTIFICATE OF COMPLIANCE WITH THE WORD-COUNT LIMIT

I certify that the above motion complies with the word-count limit of 3,100 words (excluding the face sheet, table of contents, signature block, and exhibits) set by DUCivR 7-1(a)(4)(D), according to the word count function of Microsoft Word.

Dated: February 8, 2022                   /s/ Lorraine Van Kirk
                                                        Lorraine Van Kirk
                                                        *Enforcement Attorney*
                                                        Bureau of Consumer Financial Protection
                                                        1700 G Street, NW
                                                        Washington, DC 20552
                                                        Telephone: (202) 435-7022
                                                        lorraine.vankirk@cfpb.gov