MAUREEN MCOWEN
JONATHAN REISCHL
TRACY L. HILMER
ALICIA FERRARA
LORRAINE VAN KIRK
(202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gov
lorraine.vankirk@cfpb.gov
1700 G Street, NW
Washington, DC 20552
*Attorneys for Plaintiff Bureau of
Consumer Financial Protection*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>*Plaintiff*,<br><br>v.<br><br>PROGREXION MARKETING, INC., *et al.*, | Case No. 2:19-cv-00298-BSJ |

**PLAINTIFF'S CORRECTED EXPEDITED MOTION TO AMEND THE SCHEDULING ORDER AND REQUEST FOR EXPEDITED HEARING**

## INTRODUCTION

Pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule") and for good cause, Plaintiff Bureau of Consumer Financial Protection ("Bureau") moves the Court to amend the Scheduling Order entered on June 14, 2021 (ECF 138) to allow approximately one additional month for the parties to submit the joint pretrial order. The Bureau requests this extension so that the parties will have a meaningful opportunity to prepare their respective portions of the proposed pretrial order; review, object to, and counter-designate additional evidence in response to the opposing party's submissions; meet and confer to resolve as many issues as possible before the pretrial conference; brief *Daubert* motions and other motions in limine before the pretrial conference; and conduct the mandatory settlement conference.

Good cause exists to extend the pretrial schedule by one month because (1) the current schedule does not permit adequate time to complete these steps (which will facilitate the pretrial conference), and (2) the Court's resolution of the two pending motions for summary judgment may substantially impact the scope and content of the proposed pretrial order, as well as the parties' respective settlement positions. The proposed schedule would extend the joint pretrial order and Final Pretrial Conference deadlines each by approximately one month and would not

affect any other deadlines. A Proposed Amended Scheduling Order setting forth proposed dates for the extension is attached. Defendants oppose this request.

Currently, Defendants' last summary judgment brief is due on March 25, 2022, the parties' joint proposed pretrial order is due on April 1, 2022, and the Final Pretrial Conference is scheduled for April 18, 2022. As explained below, five business days is insufficient time between the close of summary judgment briefing and the due date for the parties' proposed pretrial order. The Bureau has diligently prosecuted this case since its inception, and will continue to do so, but cannot adequately prepare the pretrial materials in this complex and significant case in the time currently allotted. Good cause exists to grant this Motion based on the Bureau's diligence and substantial need.

## LEGAL STANDARD

Although the Court "is afforded broad discretion in managing the pretrial schedule, … a scheduling order can have an outcome-determinative effect on the case and 'total inflexibility is undesirable.'" *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (quoting *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)). Courts in this circuit routinely exercise this flexibility to extend pre-trial deadlines where a party has exercised diligence and yet requires additional time. *See, e.g.*, *Scull v. Mgmt. & Training Corp.*, No. Civ 11–0207

JB/RHS, 2013 WL 1897808, *3-4 (D.N.M. Apr. 12, 2013) (collecting cases).

## ARGUMENT

If the Scheduling Order is not amended, in the next seven weeks leading up to the pretrial conference, the Bureau must:

- Oppose the Motion for Summary Judgment by Defendants Progrexion Marketing, Inc., PGX Holdings, Inc., Progrexion Teleservices, Inc., eFolks, LLC, and CreditRepair.com, Inc. (ECF 288) (collectively, the "Progrexion Defendants");

- Argue the Bureau's Motion for Partial Summary Judgment on Count I (ECF 257);

- Prepare for potential oral argument opposing the Motion for Summary Judgment by the Progrexion Defendants (ECF 288) regarding the Bureau's fact-intensive claims concerning Defendants' violations over a ten year period;

- File up to five additional *Daubert* motions to exclude testimony by Defendants' numerous proposed expert witnesses;

- Oppose any *Daubert* motions filed by Defendants concerning the Bureau's two expert witnesses;

- File motions in limine to enable the Court to conduct a comprehensive and highly-effective pretrial conference;

- Oppose motions in limine filed by Defendants, as appropriate;

- Participate in a conference discussing settlement with Defendants, as mandated by DUCivR 16-1(c);

4

- Prepare the Bureau's portions of the proposed pretrial order, along with all of the Bureau's initial proposed witness lists, exhibit lists, and deposition designations;

- Counter-designate evidence in response to Defendants' proposed witnesses, exhibits, and deposition excerpts;

- Meet and confer with Defendants regarding each portion of the pretrial order (a process likely to take several days, given the size of the record) and finalize and file the same;

- File and lodge objections to Defendants' proposed deposition designations, and exhibits, as required by Rule 26(a)(3)(B); and

- Prepare for argument at a potentially multi-day pretrial conference at which the Court will delve into the specifics of the extensive record.

These deadlines are not only numerous and major, they are also mutually contingent. The parties' pretrial order (including evidentiary designations) depends significantly on the Court's rulings on the outstanding summary judgment motions, yet it likely must be prepared, discussed, and filed while one or both of those motions are still outstanding. Indeed, the current schedule requires that the joint proposed pretrial order be filed just five business days after Defendants file their last summary judgment brief. The productiveness of the settlement conference also hinges on the Court's rulings on the pending summary judgment motions and stands in tension with the Bureau's duty to simultaneously meet and confer with Defendants to finalize the pretrial order.

From the beginning, the Bureau has vigorously pursued this litigation, engaging in extensive fact and expert discovery, dispositive motion briefing, and arguing nearly a dozen motions. Yet the Bureau—a government agency with finite resources and staff—cannot adequately prosecute this case under the Scheduling Order's highly-compressed timeline, involving numerous complex interdependencies.

The current timing of the proposed pretrial order and final pretrial conference are so compressed as to potentially jeopardize our legal system's strong preference "to facilitate a proper decision on the merits." *Sanders v. Progressive Preferred Ins. Co.*, No. 2:21-CV-00146-JCB, 2022 WL 204611, at *2 n.19 (D. Utah Jan. 24, 2022) (collecting cases). Accordingly, good cause exists to grant this Motion.

## CONCLUSION

The Bureau respectfully requests that the Court grant this Motion and enter the accompanying Proposed Amended Scheduling Order.

Dated: March 1, 2022                    Respectfully submitted,

                                        /s/ Lorraine Van Kirk
                                        MAUREEN MCOWEN
                                        JONATHAN REISCHL

TRACY L. HILMER
ALICIA FERRARA
LORRAINE VAN KIRK
*Enforcement Attorneys*
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gov
lorraine.vankirk@cfpb.gov


*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

## CERTIFICATE OF COMPLIANCE WITH THE WORD-COUNT LIMIT

I certify that the above motion complies with the word-count limit of 3,100 words set by DUCivR 7-1(a)(3)(C), according to the word count function of Microsoft Word.

Dated: March 1, 2022                    /s/ Lorraine Van Kirk

Lorraine Van Kirk
*Enforcement Attorney*
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-7022
lorraine.vankirk@cfpb.gov