William J. Harrington
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
(212) 459-7140
wharrington@goodwinlaw.com

Thomas M. Hefferon
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000
thefferon@goodwinlaw.com
(additional counsel listed on signature page)

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>                Plaintiff,<br><br>                v.<br><br>PROGREXION MARKETING, INC.; PGX HOLDINGS, INC.; PROGREXION TELESERVICES, INC.; EFOLKS, LLC; CREDITREPAIR.COM, INC.; and JOHN C. HEATH, ATTORNEY AT LAW, PLLC, D/B/A/ LEXINGTON LAW,<br><br>                Defendants. | Case No. 2:19-CV-00298-BSJ<br>Judge Bruce Sterling Jenkins<br><br>**DEFENDANTS PROGREXION MARKETING, INC., PGX HOLDINGS, INC., PROGREXION TELESERVICES, INC., EFOLKS, LLC, AND CREDITREPAIR.COM, INC.'S RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS RELATED TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |

Pursuant to DUCivR 7-1(b)(4) and Fed. R. Civ. P. 56(c)(2), Defendants Progrexion Marketing, Inc., PGX Holdings, Inc., Progrexion Teleservices, Inc., eFolks, LLC, and CreditRepair.com, Inc. (collectively "Progrexion" or "Defendants") submit this response to the Bureau of Consumer Financial Protection's (the "Bureau" or "Plaintiff") Evidentiary Objections Related to Defendants' Reply in Support of their Motion for Summary Judgment (ECF No. 355). For the reasons explained herein, this Court should overrule each objection.

The Bureau asserts that the Court should disregard Exhibit 91, the Corrected Expert Report of Arnold Barnett, Ph.D. (Dec. 13, 2021), and Exhibit 93, the Confidential Rebuttal Expert Report of Stephen Craig Mott (Oct. 25, 2021) (collectively, the "Reports") based on an alleged procedural flaw in that neither was accompanied by "an affidavit or declaration satisfying 28 U.S.C. § 1746." Obj. at 2. The Bureau's argument is one of pure technicality, ignores Dr. Barnett and Mr. Mott's testimony,[1] and does not justify the Bureau's drastic request to exclude the Reports from the Court's consideration. Rather, as policy favors deciding cases on the merits, courts routinely reject requests such as the Bureau's when the defect is easily cured by a subsequent declaration. *See Tuohey v. Chenal Healthcare, LLC*, No. 4:15CV00506 JLH, 2017 WL 2177981, at *3 (E.D. Ark. May 17, 2017) ("It may be possible to 'cure' unsworn materials by a subsequent affidavit.") (citation omitted); *Garcia v. City of Albuquerque*, No. 08-144 MV/LAM, 2009 WL 10708228, at *2 (D.N.M. May 15, 2009) ("[G]iven the 'policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects,' the Court will allow Plaintiffs to cure the defect by submitting sworn affidavits.") (citing *Denver & Rio Grande W. R.R. Co. v.*

---

[1] At their respective depositions, the Bureau presented Dr. Barnett and Mr. Mott with their reports, eliciting sworn testimony that Exhibits 91 and 93 were complete and accurately described each experts' opinions.

1

*Union Pac. R.R. Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997)); *c.f. Boyett v. Cnty. of Wash.*, No. 2:04cv1173, 2006 WL 3422104, at *12 (D. Utah Nov. 28, 2006), *aff'd*, 282 F. App'x 667 (10th Cir. 2008) (acknowledging opportunity to cure defect of unsworn affidavit for consideration on summary judgment).[2]  To resolve this issue, Defendants submit herewith sworn declarations subscribed as true under penalty of perjury by Dr. Barnett and Mr. Mott.  Ex. 1, Barnett Declaration; Ex. 2, Mott Declaration.  To the extent the lack of declarations was an issue, these revisions cure it.

Second, the Bureau purports to challenge the admissibility of the Reports for purposes of summary judgment based on *undisclosed forthcoming challenges* to the respective testimony of Dr. Barnett and Mr. Mott at trial, which the Bureau asserts it anticipates making at some *uncertain future time* before May 31, 2022.  Obj. at 2.  The Bureau's statement (at 2) that it "intends to move to exclude or limit the testimony of Dr. Barnett and Mr. Mott from trial" and "preserves all [related] arguments" contravenes the local rule requiring an evidentiary objection—not a statement of an anticipated future objection—to be filed within 7 days of service of the reply.  DUCivR 7-1(b)(3).  Moreover, the Bureau's position stands in stark contrast to its prior arguments to this Court in which it (improperly) chastised Defendants for hindering timely progress on *Daubert* motions while the parties were actively negotiating a briefing scheduling and accused Defendants of failing to comply with the local rules and causing all briefing to be "unnecessarily stacked in a short period immediately before the pretrial conference."  ECF No. 338 at 4.  Yet, that is precisely what the

---

[2] Even the case the Bureau cites (at 1-2) for this proposition proceeded to analyze the expert reports, despite the procedural flaw. *Peak ex rel. Peak v. Cent. Tank Coatings, Inc.*, 606 F. App'x 891, 895 (10th Cir. 2015).

2

Bureau has done here—neglecting to comply with the Local Rules for filing evidentiary objections and asserting its plan to "stack" its arguments as to the admissibility of the Reports for summary judgment in *Daubert* motions concerning trial testimony. The Court should disregard undisclosed forthcoming challenges for purposes of deciding summary judgment.

## CONCLUSION

For the foregoing reasons, this Court should overrule the Bureau's Objections.

Dated:  April 8, 2022                            Respectfully submitted,


/s/ *William J. Harrington*
Thomas M. Hefferon*
W. Kyle Tayman*
Christina L. Hennecken*
Virginia Selden*
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000
thefferon@goodwinlaw.com
ktayman@goodwinlaw.com
chennecken@goodwinlaw.com
vmccorkle@goodwinlaw.com

William J. Harrington*
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
(212) 459-7140
wharrington@goodwinlaw.com

Courtney L. Hayden*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
chayden@goodwinlaw.com

3

Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

Edward J. Bennett*
Edward C. Barnidge*
Suzanne Salgado*
Shauna M. Kramer*
Emma J. Nino*
Daniel Whiteley*
Atticus DeProspo*
Williams & Connolly LLP
725 Twelfth Street NW
Washington, DC 20005
ebennett@wc.com
ebarnidge@wc.com


*Attorneys for Defendants*
(*admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2022 I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

/s/ *William J. Harrington*
William J. Harrington
