Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

Thomas M. Hefferon
Goodwin Procter LLP
1900 N Street, N.W.
Washington, DC 20036
(202) 346-4000
thefferon@goodwinlaw.com
(additional counsel listed on signature page)

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>    Plaintiff,<br><br>v.<br><br>PROGREXION MARKETING, INC.; PGX HOLDINGS, INC.; PROGREXION TELESERVICES, INC.; EFOLKS, LLC; CREDITREPAIR.COM, INC.; and JOHN C. HEATH, ATTORNEY AT LAW, PC, D/B/A/ HEATH P.C.,<br><br>    Defendants. | Case No. 2:19-CV-00298-BSJ<br><br>**MOTION TO EXCLUDE THE EXPERT REPORTS AND TESTIMONY OF DR. SHANE FREDERICK**<br><br>**REDACTED** |

Defendants John C. Heath, P.C. and PGX Holdings, Inc., Progrexion Marketing, Inc., Progrexion Teleservices, Inc., CreditRepair.com, Inc., and eFolks, LLC respectfully request that the Court exclude Dr. Shane Frederick's expected expert testimony for failure to meet the reliability and relevance standards demanded by Federal Rule of Evidence 702 and interpretive case law. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

Dr. Frederick has no experience or expertise in . Yet as a proffered expert witness for the Consumer Financial Protection Bureau (the "CFPB"), he nonetheless offers testimony about . For the reasons that follow, Dr. Frederick's testimony as to each of these subject areas is inadmissible.

## ARGUMENT

Under Fed. R. Evid. 702, an expert witness may testify to an opinion only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Additionally, Rule 702 "imposes a gatekeeping function on district courts to ensure expert testimony is admitted only if it is relevant

1

and reliable," and a court may exclude expert opinion if, *inter alia*, it determines that "there is simply too great an analytical gap between the data and the opinion proffered." *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1217-18 (10th Cir. 2016) (citation omitted).

I. ███████████████ **Is So Severely Flawed That It May Not Serve as a Reliable Basis** ███████████████.

Apparently for the purpose of tarring Defendants' entire businesses and relationships with millions of consumers, Dr. Frederick attempted to ███████████████

███████████████

███████████████

███████ any opinions or testimony pertaining to ███████ must be excluded. *See Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1145 (10th Cir. 2013) ("serious methodological flaws" rendered survey "devoid of any probative value and therefore irrelevant" and inadmissible) (citation omitted); *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1246 (10th Cir. 2013) (sufficiently "serious and pervasive" flaws render survey inadmissible).

The first severe flaw is that Dr. Frederick ███████████████

███████████████. Second, ███████████████

███████████████

███████████████. As a result, it is improper and unscientific for Dr. Frederick to ███████████████

███████████████.

A. ███████████████

███████████████

███████. Ex. 1, Frederick Report, at 8 ███████████████

2

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████ Ex. 2, Maronick Report, at 4; *see also* Ex. 9, Barnett Dep. Tr., 153:13-18. ██████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████ Ex. 3, Barnett Corrected Report, at ¶ 29.

Second, ████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

- ██████████████████████████████████████

  ██████████████████████████████████████

  ████████████████████ Ex. 4, Frederick Dep. Tr., 135:13-136:2.

- ██████████████████████████████████████

  ██████████████████████████████████████

  █████████████████████████████████████ Ex. 4, at 137:9-141:22.

- ██████████████████████████████████████

  █████████████████████████████████ *Id.* at 143:13-144:3. ████████████████████████████

3

██████████████████████████████████

*Id.* at 144:2-3.

These answers and others demonstrate widespread problems ████████████ ██████████████████████████. *See also* Ex. 2, at 5–8.

**B.** ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████.[1] *See* Ex. 1, at 49. ████████████

████████████████████████████████████████████ *See, e.g., In re Autozone, Inc.*, 2016 WL 4208200, at *17 (N.D. Cal. Aug. 10, 2016) (excluding survey with 3% response rate), *aff'd*, 789 F. App'x 9 (9th Cir. 2019); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 951 (C.D. Cal. 2015) (excluding survey with 5% response rate), *aff'd*, 674 F. App'x 654 (9th Cir. 2017); *Sec. Alarm Fin. Enters., L.P. v. Alder Holdings, LLC*, 2017 WL 5248181, at *4 (D. Alaska Feb. 21, 2017) (excluding survey with 6% response rate).[2] ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████ Ex. 3, at ¶¶ 16-18. ████████████

---

[1] ████████████████████████████████████████████
████████████████████████████████████████████ *See* Ex. 1, at 2; Ex. 3, at ¶ 4.

[2] ████████████████████████████████████████████
████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████ *See id.* at ¶ 29.

As MIT statistics professor and Defendants' expert Arnold Barnett explained, ███████

███████████████████████████████████████████████████

█████████████████████████████████ *Id.* at ¶¶ 19-20. ██████████

█████████████████████████████████████████████ See

Ex. 5, at 659-61 (cited by Frederick Second Rebuttal, at 22). ████████████

███████████████████████████████████████████████████

████████████ *See* Ex. 6, Frederick First Rebuttal Report. ████████

█████████████████████████████████████████████ *See*

Ex. 7, Frederick Second Rebuttal, at 3. ██████████████████████

███████████████████████████████████████████████████

█████████████████████████ Ex. 3, at ¶¶ 16-18. ████████████

███████████████████████████████████████████████████

████████████████████████ Ex. 7, at 3 (emphasis added), █████

███████████████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████ Ex. 3, at ¶ 19, n.20; Ex. 8, at 3. ███████

███████████████████████████████████████████████████

5

███████████████████████████████████████████████████

████████████████████████████████████████ *See* Ex. 9, 60:25-67:17

(██████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████); *Casey v. Home Depot*, 2016 WL 7479347, at *21 (C.D. Cal. Sept. 15, 2016) (excluding report with ~20% response rate for failure to analyze nonresponse bias); *Autozone*, 2016 WL 4208200, at *18 (nonresponse bias analysis "is meaningless without understanding why respondents tended to" differ) (citation omitted). ████

███████████████████████████████████████████████████

████████████████████████████████████ Ex. 9, at 141:25-142:9; Ex. 3, at ¶ 29.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████ Ex. 3, at ¶ 20.

C. ████████████████████████████████████████████████.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████ This results in further unscientific conclusions. ████

███████████████████████████████████████████████████

████████████████████████████████████████████ Ex. 1, at 8, n.6. █████████████████████████████████████████████

███████████████████████████████████████████ Ex. 4, at 102:2-8. ████████████████████████████████████████████████

6

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* at 69:3-22, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* ECF No. 288 at 5 (collecting evidence).

**II.   Dr. Frederick** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮ **Is Unqualified to Offer His Opinions.**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dr. Frederick should be precluded from offering testimony concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮ *See* Ex. 1, at 46.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 10, OLP 30(b)(6) Dep., 21:8-23:25; 138:20-139:9, 140:23-141:1; 217:23-218:17; 247:6-248:13. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮ Ex. 4, at 215:18-216:4; 220:24-221:24, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* at 222:21-223:16,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The instant case is akin to the facts in *Bruno v. Bozzuto's, Inc.*, 311 F.R.D. 124 (M.D. Pa. 2015). In *Bruno*, an expert relied upon unverified sales projections that were inconsistent with



7

actual sales results. *Id.* at 137-43. The court excluded such testimony as "inherently flawed" due to its use of inconsistent data. *Id.* at 141. *See also Ram v. N.M. Dep't of Env't*, 2006 WL 4079623, at *16 (D.N.M. Dec. 15, 2006) (excluding expert report that relied on incomplete data); *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1025 (10th Cir. 2002) (affirming exclusion based on unreliable data). ▮

▮

▮ Dr. Frederick is unqualified to provide expert testimony ▮ Ex. 1, at 20-22. ▮

▮ *See infra* § III. Dr. Frederick thus lacks any basis to opine as an expert on whether ▮

▮ *See Heer v. Costco Wholesale Corp.*, 589 F. App'x 854, 861 (10th Cir. 2014) (excluding expert testimony "connected to existing data only by the *ipse dixit* of the expert") (citation omitted).

Accordingly, Dr. Frederick's expected testimony on ▮ should be excluded.

**III.** ▮.

Dr. Frederick, whose background ▮, lacks the necessary expertise to opine on ▮ . ▮

8

████████ Courts regularly exclude experts for going beyond the scope of their expertise, *see, e.g.*, *In re EpiPen*, 2021 WL 2577490 (D. Kan. June 23, 2021), and Defendants respectfully request that the Court exclude any such testimony by Dr. Frederick here.

████████████████████████████████████████

████████████████████████████████████████

████████████████████ *See* Ex. 1, at 22-30, 32-38. ████████████

████████████████████████████████ *See* Ex. 1, at 31-32, 38, 44-47; Ex. 6, at 2-18; Ex. 7, at 14-18. ████████████

████

████████████████████████████████████████

████████ *See* Ex. 4, at 53:2-8. ████████████████

████████████████████████████████████████

████████████████████████████████████████

Ex. 4, at 246:9-12, ████████████████████████ *id.* at 242:10-245:15, ████████

████████████████████████████████████████

*id.* at 251:19-252:2. In the absence of such expertise, Dr. Frederick resorts to *speculating* that ████████████████████████████████████████ ████████████████ *See* Ex. 1, at 31-32, 45. This opinion is speculative, as Dr. Frederick's ████████████████████████

██████████████████ *See Mitchell v. Gencorp Inc.*, 165 F.3d 778, 780 (10th Cir. 1999) (expert opinion may not be based on "subjective belief or unsupported speculation") (citation omitted).

In *EpiPen*, the court held that an expert with extensive experience in the pharmaceutical industry was not qualified to render an opinion about a medical device's mechanical issues, as the expert had never dealt with medical device engineering or manufacturing. 2021 WL 2577490, at *47-50; *see also Ho v. Michelin N. Am., Inc.*, 520 F. App'x 658, 665 (10th Cir. 2013) (general industry experience did not qualify expert to opine on design defect). Likewise, in *City of Hobbs v. Hartford Fire Insurance Co.*, the Tenth Circuit affirmed the exclusion of an insurance claims expert who lacked specialized knowledge regarding New Mexico bad faith cases and would thus be unable to provide helpful testimony to the jury. 162 F.3d 576, 586 (10th Cir. 1998). ████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████ Ex. 7, at 3-4; *see also Bright v. Ohio Nat'l Life Assurance Corp.*, 2013 WL 121479, at *2 (N.D. Okla. Jan. 9, 2013).

As with the cases above, Dr. Frederick is simply unqualified to offer ████████████ ████████████████████████.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude Dr. Shane Frederick's expected expert testimony.

10

Dated: April 26, 2022 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ William J. Harrington*
　　　　　　　　　　　　　　　　　　　William J. Harrington*
　　　　　　　　　　　　　　　　　　　Goodwin Procter LLP
　　　　　　　　　　　　　　　　　　　620 Eighth Avenue
　　　　　　　　　　　　　　　　　　　New York, NY 10018
　　　　　　　　　　　　　　　　　　　(212) 459-7140
　　　　　　　　　　　　　　　　　　　wharrington@goodwinlaw.com

　　　　　　　　　　　　　　　　　　　Karra J. Porter
　　　　　　　　　　　　　　　　　　　Christensen & Jensen
　　　　　　　　　　　　　　　　　　　257 East 200 South, Suite 1100
　　　　　　　　　　　　　　　　　　　Salt Lake City, UT 84111
　　　　　　　　　　　　　　　　　　　(801) 323-5000
　　　　　　　　　　　　　　　　　　　karra.porter@chrisjen.com

　　　　　　　　　　　　　　　　　　　Thomas M. Hefferon*
　　　　　　　　　　　　　　　　　　　W. Kyle Tayman*
　　　　　　　　　　　　　　　　　　　Christina Hennecken*
　　　　　　　　　　　　　　　　　　　Virginia McCorkle*
　　　　　　　　　　　　　　　　　　　Goodwin Procter LLP
　　　　　　　　　　　　　　　　　　　1900 N Street, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　(202) 346-4000
　　　　　　　　　　　　　　　　　　　thefferon@goodwinlaw.com
　　　　　　　　　　　　　　　　　　　ktayman@goodwinlaw.com

　　　　　　　　　　　　　　　　　　　Courtney Hayden*
　　　　　　　　　　　　　　　　　　　Goodwin Procter LLP
　　　　　　　　　　　　　　　　　　　100 Northern Avenue
　　　　　　　　　　　　　　　　　　　Boston, MA 02210
　　　　　　　　　　　　　　　　　　　(617) 570-1000
　　　　　　　　　　　　　　　　　　　chayden@goodwinlaw.com

　　　　　　　　　　　　　　　　　　　Edward J. Bennett*
　　　　　　　　　　　　　　　　　　　Edward C. Barnidge*
　　　　　　　　　　　　　　　　　　　Atticus DeProspo*
　　　　　　　　　　　　　　　　　　　Daniel Whiteley*
　　　　　　　　　　　　　　　　　　　Emma J. Nino*
　　　　　　　　　　　　　　　　　　　Shauna M. Kramer*
　　　　　　　　　　　　　　　　　　　Suzanne Salgado*
　　　　　　　　　　　　　　　　　　　Williams & Connolly LLP
　　　　　　　　　　　　　　　　　　　725 Twelfth Street NW

Washington, DC 20005  
(202) 434-5000  
ebennett@wc.com  
ebarnidge@wc.com  
adeprospo@wc.com  
dwhiteley@wc.com  
enino@wc.com  
skramer@wc.com  
ssalgado@wc.com  

*Attorneys for Defendants*  
(\*admitted *pro hac vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2022, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

*/s/ William J. Harrington*
William J. Harrington