MAUREEN MCOWEN
JONATHAN REISCHL
TRACY L. HILMER
ALICIA FERRARA
J. TAYLOR MCCONKIE
(202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gov
taylor.mcconkie@cfpb.gov
1700 G Street, NW
Washington, DC 20552
*Attorneys for Plaintiff Bureau of
Consumer Financial Protection*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>*Plaintiff*,<br><br>v.<br><br>PROGREXION MARKETING, INC., *et al.*, | Case No. 2:19-cv-00298-BSJ |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO CLARIFY THE SCOPE OF THE DECEPTION COUNTS**

# Table of Contents

INTRODUCTION ...................................................................................................1

REPLY ...................................................................................................................3

    A.   The Sufficiency of the Complaint Is Law of the Case and the Progrexion Defendants Cannot Reopen Motion to Dismiss Arguments They Lost .......3

    B.   The Progrexion Defendants Mischaracterize the Litigation and Pretrial History ...................................................................................................5

    C.   The Proposed Amended Complaint Is Permitted Under Both Rule 15(a) and Rule 16(b) ......................................................................................11

CONCLUSION .....................................................................................................15

# INTRODUCTION

Federal Rule of Civil Procedure 8(e) commands that "[p]leadings must be construed so as to do justice." Properly construed, the Bureau's 2019 Complaint is not limited to deception by a single Hotswap Partner, HSP1 (HOPE). In numerous places, the Complaint makes allegations about Hotswap Partners other than HOPE (*see, e.g.*, ECF 2, at ¶¶ 32-70, 72, 90-93, 96, 98, 105-08), and the Bureau has consistently maintained that its deception claims are broader than just HOPE. *E.g.*, ECF 38-1 pp. 24-25. In 2020, the Court agreed; it rejected Defendants' argument that Counts II-V were limited to HOPE, ECF 56, and ruled that five other Hotswap Partners were relevant to Counts II-V and would be the subject of discovery, ECF 92. Nonetheless, to address the Court's comments at the June 30, 2022 pretrial hearing, the Bureau filed its Motion to Amend to clarify that the Deception Counts include conduct by all the Relevant Hotswap Partners.

The Bureau had hoped that its Motion would be uncontroversial. Rather than inserting new theories, claims, or parties, the proposed amendments are non-substantive and merely conform the Complaint to the case both parties have litigated and prepared for trial. In their Opposition, however, through layers of misdirection and blatant untruths, the Progrexion Defendants seek to revise history.

1

Defendants assert, for instance, that the Bureau was on notice "years ago" that the Complaint is likely too narrow to support relief as to Hotswap Partners other than HOPE. Opposition, at 8. But they conveniently ignore that the Court rejected their argument that the Complaint is limited to a single Hotswap Partner when it denied Defendants' motion to dismiss, confirmed the sufficiency of the Complaint as drafted, and did not require the Bureau to file an amended complaint. ECF 56. This ruling—which is law of the case—should put to bed the false assertion that the Bureau was on notice of a need to amend the Complaint.

Defendants also assert that the proposed amended complaint would "balloon" the case and make it "a moving target." Opposition, at 9. This, too, is revisionist history. After the Court denied the motion to dismiss, the parties conducted fact discovery into *all* the Relevant Hotswap Partners, not just HOPE. The parties' expert disclosures and discovery, dispositive motions, and trial preparations similarly focused on *all* the Relevant Hotswap Partners, including the Joint Proposed Pretrial Order signed by Defendants, ECF 438. The suggestion that the proposed amended complaint would expand the scope of trial is demonstrably untrue.

Lastly, the parties disagree over whether Rule 15(a) or Rule 16(b) governs the permissibility of the proposed amendments, but that dispute is academic. The

proposed amendment should be allowed under both Rules, which are largely overlapping. Rule 16(b)'s "good cause" standard focuses on the movant's diligence and explanation for any delay, and here, the Bureau easily meets that standard. Considering the Court's denial of the Defendants' motion to dismiss and the subsequent years of litigation that focused on all the Relevant Hotswap Partners, the Bureau had no reason or basis to seek to amend the Complaint until now.

## REPLY

### A. The Sufficiency of the Complaint Is Law of the Case and the Progrexion Defendants Cannot Reopen Arguments They Lost

The Progrexion Defendants falsely assert that "[t]he Bureau's decision not to amend its Complaint to specify additional Hotswap companies appears to have been a tactical one." Opposition, at 4. But it is the Progrexion Defendants who are engaged in unseemly tactical maneuvering. They are using their Opposition to relitigate positions about the sufficiency of the Complaint that the Court has already considered and rejected.

At the motion to dismiss stage, the Defendants challenged the Complaint by raising the same objections they assert now. Citing the heightened pleading standard in Rule 9(b), they argued that because the Complaint identified only one Hotswap by name (HSP1, or HOPE), the Deception Counts should be dismissed as to any other Hotswap. *See* ECF 30, at 8-9. The Bureau's response argued that Rule

3

8, not Rule 9(b), governs the Complaint (ECF 38-1, at 3-7) and specifically refuted the Defendants' assertion that the Deception Counts should be limited to HOPE. *Id*. at 24-25. The Bureau argued, for instance, that "the Complaint provides more than enough factual support for the claim that one *or more* of Progrexion's Hotswap Partners engaged in deceptive marketing practices." *Id*. The Progrexion Defendants' reply brief doubled down on their view that the Complaint insufficiently pled claims against Hotswap Partners other than HOPE, stating that "the Complaint has not stated any plausible claim for recovery based on the conduct of other, unnamed third parties." ECF 46, at 4.

After a hearing, the Court denied the motion to dismiss without requiring the Bureau to amend the Complaint. ECF 56 ("Having considered the parties' briefs, the evidence presented, the arguments of counsel, and the relevant law, the Court DENIES the Motion."). Thus, the same argument pressed by the Progrexion Defendants now—that the Complaint pleads deception claims against only one Hotswap Partner—has already been argued and rejected. The sufficiency of the Complaint as to Hotswap Partners beyond HOPE is law of the case. *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1241 (10th Cir. 2016) ("Law of the case doctrine rightly bars the way, precluding the relitigation of issues either expressly or implicitly resolved in prior proceedings in the same court."). If the

4

Progrexion Defendants wanted the Court to reconsider its denial of their motion to dismiss, they were free to file an appropriate and timely motion seeking that relief. They did not.

### B. The Progrexion Defendants Mischaracterize the Litigation and Pretrial History

The Progrexion Defendants falsely assert that the proposed Amended Complaint would "add claims" and "vastly increase both the complexity of trial and the amount of restitution potentially at issue[.]" Opposition, at 1-2. Both assertions are demonstrably untrue.

The proposed Amended Complaint does not add new claims. The Complaint has five counts, four of which comprise the Deception Counts (II through V). Nothing in the proposed Amended Complaint alters that framework or adds claims. And Defendants' assertion that the Amended Complaint would increase the complexity of trial and the amount of restitution is even more dissembling. The case the parties have prepared for trial is precisely the case outlined in the proposed Amended Complaint, one that includes conduct by *all* the Relevant Hotswap Partners.

The Progrexion Defendants—represented by new counsel who were not involved in fact or expert discovery or dispositive motions—are seemingly blind to the past three years of litigation. The Bureau has always asserted that the

5

Deception Counts are not limited to HSP1; the Court's motion to dismiss order and discovery orders confirm as much, and the Defendants and their prior counsel accepted that reality long ago and litigated the case accordingly.

In the Motion to Amend, the Bureau showed that the parties' fact discovery, expert disclosures and discovery, and motion practice has focused on all the Relevant Hotswap Partners. *See* ECF 441, at 5-7. In addition to what has already been said, consider several additional examples:

- After ruling that seven Hotswap Partners were relevant to Counts II-V and would be subject to discovery, this Court issued three more discovery rulings in which it upheld the relevance of the Relevant Hotswap Partners, including two orders enforcing a third-party subpoena to OLP.com, Inc. d/b/a One Loan Place.[1] ECF 114 (ordering production of call recordings related to all of the Relevant Hotswap Partners); *CFPB v.*

---

[1] Discovery in this case included all the Relevant Hotswap Partners. Seeking to blunt the obvious, the Progrexion Defendants argue that the scope of discovery has no bearing on the scope of the allegations in the Complaint. *See* Opposition, at 9. But Rule 26(b)(1) permits only discovery "that is relevant to any party's claim or defense." If the Deception Counts had been limited to conduct by HOPE, there would have been no basis for the parties to spend the significant time and resources on discovery into all the Relevant Hotswap Partners or for the Court to authorize such discovery.

*OLP.com*, No. 2:20-CV-00643-BSJ, ECF 35 & 36 (ordering production of OLP call recordings, scripts, and other documents).

- The Progrexion Defendants' First Set of Interrogatories defines "***Agreed Upon Introducer***" (an early term for Relevant Hotswap Partner) as "any Introducer concerning which the Parties have agreed to exchange discovery, namely Hope to Own (the entity referred to as 'HSP1' in the Complaint, a/k/a ***The HOPE Program***, Help Renters and Ecain); Easy Home Ownership (a/k/a ***Easyhomeownership.net)***; One Loan Place (a/k/a ***Rocket Daddy and OLP.com)***; Ownerwiz Realty, Inc. (a/k/a ***Owner Wiz***); Rent2ownhouse (a/k/a ***Rent to Own House)***; ***Ascent Mortgage Resource Group***; and ***Lead Virtue, LLC***." The interrogatories then sought information about the Bureau's allegations related to these entities, including the nature of the "substantial assistance" they allegedly received from Progrexion and facts supporting the Bureau's allegations that Progrexion had knowledge of these entities' deception. *See* Ex. 1 (Apr. 6, 2021 Interrogatories, at 6-8, 11).

- Progrexion's 30(b)(6) notice defines Agreed Upon Introducers similarly and asks that the Bureau produce a witness to speak about "[a]ll evidence supporting your claim that the Progrexion Defendants knew or

7

intentionally avoided knowing that *Agreed Upon Introducers* did not provide advertised products or services to consumers, or inaccurately guaranteed or represented a high likelihood of obtaining advertised products or services to consumers," as well as numerous other topics related to the Agreed Upon Introducers. *See* Ex. 2 (March 30, 2021 30(b)(6) notice, at ¶¶ 7, 8-12).

- In June 2021, the Progrexion Defendants filed a motion to compel asserting that the Bureau had not answered an interrogatory asking the Bureau to "identify each statement made by a *[Sample Marketing Affiliate]* that CFPB alleges was false or deceptive… *This information is critical for Defendants' defense against Counts II-IV*." ECF 145, at ¶ 2.

- Dr. Yoram Wind, the Defendants' proffered marketing expert, described the scope of this case as follows: "I understand that only a *certain subset of Hotswaps are at issue with respect to this alleged deception* (the '*CFPB-Named Hotswaps*'). I understand that the CFPB-Named Hotswaps are One Loan Place (a/k/a Rocket Daddy), Ascent Mortgage Resource Group, Lead Virtue, The H.O.P.E. Program (a/k/a/ Help Renters), Rent2Own.House, Easyhomeownership.net (a/k/a Easy Home Ownership), and Ownerwiz." ECF 367-2, at ¶ 6 & n.6.

8

- During a summary judgment hearing, Defendants' counsel described the Deception Counts as follows: "Counts 2 through 5 are the *Hotswap claims*, and Your Honor may be surely familiar, but to summarize . . . they're claiming that the Progrexion defendants knew that *marketing parties, third parties,* were making deceptive promises to consumers that credit repair services, by our clients, would get them into a home. *That was the premise of the complaint they filed when any ultimately filed it*." 5/4/22 Tr. at 5:16-23 (attached as Ex. 3). And, later, during that same hearing, counsel stated, "*There are six Hotswaps ultimately at issue in this case.*" *Id*. at 11:20-21.
- In the proposed joint pretrial order, filed with this Court just last week, the Defendants acknowledged that the "*Bureau alleges that Progrexion contracted with Relevant Hotswap Companies* who used deceptive advertising to generate referrals" and repeatedly described the Deception Counts as including *all* the Relevant Hotswap Partners. ECF 449, at 8-9, 15-18.
- In their recently filed brief regarding their right to a jury trial, the Defendants acknowledged that Counts IV and V extend beyond HOPE: "In Counts IV and V, the Bureau alleges that the Progrexion Defendants

9

knowingly or recklessly provided substantial assistance ***to various Hotswap Companies***, who in turn allegedly committed deceptive acts or practices, in violation of the CFPA, 12 U.S.C. § 5536(a)(3), and the TSR, 16 CFR § 310.3(b)." ECF 442, at 2.

- The Progrexion Defendants' list of trial exhibits contains exhibits relating to One Loan Place (*e.g.*, DX-243), Easy Home Ownership (*e.g.*, DX-231), and Ascent Mortgage (*e.g.*, DX-11).

- The Progrexion Defendants' witness list and deposition designations include Relevant Hotswap Partners other than HOPE. ECF 449, at 22-23 (witness list includes Kurt Artecona (One Loan Place) and deposition designations include Brenda Kemp (Easy Home Ownership), Christopher Robinson (Ascent), and Christina Rook/Vincent Russo (One Loan Place)).

These are just a few of the many times the Court and the Defendants have acknowledged that the Deception Counts include all the Relevant Hotswap Partners. Defendants' current argument that clarifying the Complaint would increase the complexity of trial and amount of restitution is baseless and misleading.

### C. The Proposed Amended Complaint Is Permitted Under Both Rule 15(a) and Rule 16(b)

The Bureau does not agree that Rule 16(b) applies here. Numerous courts have held that Rule 15(a) applies in cases where, as here, the scheduling order does not contain a deadline to amend the pleadings. *See, e.g., Overpeck v. FedEx Corp.,* 2020 WL 2542030, at *3 (N.D. Cal. May 19, 2020) (applying Rule 15(a) because the scheduling order did not contain a deadline to amend the pleadings); *Kunin v. Costco Wholesale Corp.*, 2011 WL 6090132, at *2 (E.D. Mich. Dec.7, 2011) (same); *S. Shrimp Alliance v. La. Shrimp Ass'n*, 2009 WL 3447259, at *3 n. 2 (E.D. La. Oct. 20, 2009) (same). Moreover, the scheduling order in this case *specifically* instructs that the parties must comply with Rule 15(a). ECF 73, at 2 & n.1. Thus, this case is unlike *EEOC v. Joslin Dry Goods Co.*, 2007 WL 2045510, at *1 (D. Colo. July 10, 2007), and the string of other decisions cited by Defendants, which are factually distinct and did not contain scheduling orders expressly incorporating Rule 15(a).[2] *See* Opposition, at 6-7.

---

[2] The cases are distinguishable for other reasons as well. For example, in *Joslin Dry Goods*, although the amended scheduling order did not contain a date for amended pleadings, the original scheduling order did, so the Court looked to the original date in finding that the motion to amend was out of time. 2007 WL 2045540, at *1. Here, none of the scheduling orders entered by the Court include a deadline to amend the pleadings.

11

Nonetheless, the dispute is academic because the Bureau's proposed amendment falls comfortably within Rule 15(a) *and* Rule 16(b). *See* Motion to Amend, at 8 n.5. The Tenth Circuit has recognized a "rough similarity" between the "undue delay" standard under Rule 15(a) and the "good cause" analysis of Rule 16(b). *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The Bureau already demonstrated that the proposed amendment satisfies Rule 15(a)'s "undue delay" standard (*see* Motion to Amend, at 12-14), and the same facts and authorities weigh in favor of allowing the amendment under Rule 16(b) as well. Nevertheless, because the Progrexion Defendants have focused solely on Rule 16(b), the Bureau will address the "good cause" analysis in more detail.

Rule 16(b)'s "good cause" analysis focuses on the movant's diligence and explanation for any delay. *See, e.g., Gale v. City & Cnty. of Denver*, 962 F.3d 1189, 1195 (10th Cir. 2020). Bad faith and the lack of prejudice to the non-moving party are also relevant considerations. *See id.*; *see also* 3 Moore's Federal Practice, § 16.14 (2022) (Rule 16(b)'s good cause analysis considers (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice).

The Bureau has acted diligently under the circumstances. The proposed amendments merely clarify that the Deception Counts extend to all the Relevant Hotswap Partners, which is precisely the way this case has been litigated for years. Because the Bureau believed—and continues to believe—that the proposed amendments are already fairly encompassed by the Complaint, the Bureau had no reason to think an amended complaint was necessary. Not until the Court's comments at the June 30, 2022, pretrial hearing did the Bureau realize that a clarifying amendment may be helpful, and the Bureau filed its Motion to Amend two weeks later.

The Bureau also has ample explanation for any purported delay. The Progrexion Defendants assert that the Bureau was on notice "years ago" of the Complaint's alleged deficiencies and should have moved to amend earlier. *See* Opposition, at 8. But that is absurd. Again, the Court ruled in February 2020 that the Complaint was sufficiently pled, rejecting the Progrexion Defendants' argument that the Deception Counts were limited to HOPE. Not only is the Court's ruling law of the case (*see supra*, at 3-5), but it also explains why the Bureau did not move to amend earlier: the Court's order did not require the Bureau to file an amended complaint. Additionally, following the Court's motion to dismiss ruling, the parties' fact discovery, expert disclosures and discovery, dispositive motions,

13

and trial preparations focused on *all* the Relevant Hotswap Partners. Under these circumstances, the fact that the Bureau did not move to amend until the pretrial hearing is reasonable and justified.

In short, the facts overwhelmingly weigh in favor of allowing the amended complaint. Courts routinely find "good cause" to allow amendments that merely conform the pleadings to parties' understanding of the case. *See, e.g.*, *Wainwright v. City of Sharon*, 2016 WL 110015, at *2 (W.D. Pa. Jan. 11, 2016) (good cause shown for amendments that did not add new claims or parties but, rather, clarified and refined existing claims with facts adduced during discovery); *March v. Best Buy Stores, LP*, 111 F. Supp. 3d 1236, 1244 (N.D. Ala. 2015) (good cause shown for amended complaint that simply altered the factual allegations to conform to the evidence supporting existing claims); *Stottlemyre v. Sunflower Elec. Power Corp.*, 2014 WL 7272524, at *3 (D. Kan. Dec. 18, 2014) (where party moved to amend "out of an abundance of caution" because the moving party believed the defense was already in the answer, good cause existed to allow the amendment); *Rehberg v. City of Pueblo*, 2011 WL 4102287, at *7 (D. Colo. Sept. 14, 2011) (good cause shown where plaintiff was unaware of the need to amend prior to the deadline); *Schmidt Printing, Inc. v. Pitney Bowes, Inc.*, 2011 WL 13262110, at *4-*5 (D. Minn. Aug. 29, 2011) (good cause shown where proposed amendment was merely

14

a clarification and the opposing party had been on notice of the defense throughout discovery); *see also Natixis Fin. Prod. LLC v. Bank of Am., N.A.*, 323 F.R.D. 504, 510 (S.D.N.Y. 2018) (considering numerous proposed amendments under Rule 16(b) and allowing those that would not prejudice the defendant because they were based on facts that had been the subject to discovery).

## CONCLUSION

For these reasons, the Court should grant this motion and permit the Bureau to file the Amended Complaint.

Dated: August 4, 2022

Respectfully submitted,

/s/ J. Taylor McConkie
_____

MAUREEN MCOWEN
JONATHAN REISCHL
TRACY L. HILMER
ALICIA FERRARA
J. TAYLOR MCCONKIE
*Enforcement Attorneys*
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gov
taylor.mcconkie@cfpb.gov

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

## CERTIFICATE OF COMPLIANCE WITH THE WORD-COUNT LIMIT

I certify that the above motion consists of less than 3,100 words (excluding the face sheet, signature block, table of contents, index, and exhibits), according to the word count function of Microsoft Word, in compliance with the word-count limit set by DUCivR 7-1(a)(4)(D).

Dated: August 4, 2022                          /s/  J. Taylor McConkie

J. Taylor McConkie
*Enforcement Attorney*
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 480-1893
Taylor.mcconkie@cfpb.gov