IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>Plaintiff,<br><br>v.<br><br>PROGREXION MARKETING, INC., et al.,<br><br>Defendants. | Case No. 2:19-CV-00298-BSJ |

**DEFENDANTS' REPLY IN FURTHER OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 257)**

The Bureau's Response to Defendants' Memorandum in Further Opposition ("Response"), ECF No. 475, crystallizes two critical points regarding Count 1.

First, the Bureau argues that the AFP "conditions payment on the achievement of credit repair results—*whatever results were promised* in exchange for payment." Response at 4 (emphasis added). The Bureau further acknowledges that the AFP's application "hinges" on the existence of such promises: "By its plain text, application of the provision hinges on the nature of Defendants' services *and how they are represented* to consumers." *Id.* at 6 (emphasis added). The parties seem to now agree that it is the promise of a particular result made to consumers that would trigger the AFP's "coverage clause." In other words, to be subject to the billing restrictions in subparagraphs (i) and (ii) of the AFP, Defendants *must* have promised that their services will achieve particular results.

Second, because the "application of the provision hinges on the nature of Defendants' services and how they are represented to consumers," it would be improper to apply the AFP's

1

billing restrictions where Defendants and their clients agree in writing that results have not been promised.  This does not render the AFP "defective," as the government improperly claims, Response at 4.  To the contrary, when properly applied where particular results are promised, the AFP imposes potent limits that serve a proper regulatory purpose.  Properly applied, the AFP puts credit repair companies to a choice: either (a) as here, avoid enticing consumers with promises that typically lie beyond their control; or (b) promise results and defer billing until after the customer receives the promised result (as in every case cited by the Bureau).  Consumers benefit either way.  By contrast, the Bureau's argued-for application of the AFP to *every* credit repair provider irrespective of what they promise or represent to consumers is irreconcilable with the rule's language and history and would block consumers' access to professional credit repair.

\* \* \*

The Bureau's Response distills to their essence the points before the Court on Count 1:

- Application of the billing restrictions in the AFP hinges on how Defendants represent their services to consumers;
- In representing their services to consumers, Defendants' contracts expressly disavow any promise of particular credit report or credit history results; and
- Because Defendants do not promise particular results, Defendants are not subject to the billing restrictions included in subparagraphs (i) and (ii) of the AFP.[1]

The Court should accordingly reject Plaintiff's motion for partial summary judgment and enter judgment on Count 1 in favor of Defendants.

---

[1] The Bureau effectively concedes that summary judgment in its favor would be inappropriate, arguing that a factual dispute exits regarding how Defendants' services are "represented to consumers."  *See* ECF No. 283 at 13 n.7.

2

Dated: October 18, 2022          Respectfully submitted,

         <u>/s/ Edward J. Bennett</u>
Edward J. Bennett*
Edward C. Barnidge*
Suzanne Salgado*
Shauna M. Kramer*
Paul A. Hoversten*
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
ebennett@wc.com
ebarnidge@wc.com
ssalgado@wc.com
skramer@wc.com
phoversten@wc.com

*admitted pro hac vice

Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
karra.porter@chrisjen.com

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2022, I caused a true and correct copy of the foregoing to be filed on the CM/ECF system, which will send notification of such filing to all parties and counsel in this case.

                                            */s/ Paul A. Hoversten*
                                            Paul A. Hoversten