MAUREEN MCOWEN
JONATHAN REISCHL
TRACY L. HILMER
ALICIA FERRARA
J. TAYLOR MCCONKIE
(202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gov
taylor.mcconkie@cfpb.gov
1700 G Street, NW
Washington, DC 20552

*Attorneys for Plaintiff Bureau of
Consumer Financial Protection*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>*Plaintiff*,<br><br>v.<br><br>PROGREXION MARKETING, INC., *et al.*,<br><br>*Defendants*. | Case No.  2:19-cv-00298-BSJ |

**PLAINTIFF'S RESPONSE
TO DEFENDANTS' SUPPLEMENTAL REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Court should disregard Defendants' latest meritless attempt to have the last word concerning Plaintiff's Motion for Partial Summary Judgment on Count I (ECF 257). The motion has been fully briefed; the Court has heard argument concerning the motion on several occasions; and, as the Court observed during the most recent hearing, the matter is now ready for decision. *See* 9/21/22 Hearing Tr. at 66:6-14.

Defendants' recent "reply" adds nothing to the discussion, but merely continues to distort the plain language and history of 16 C.F.R. § 310.4(a)(2) and mischaracterize the Bureau's consistent position that: (1) the plain language of 16 C.F.R. § 310.4(a)(2) governs here; (2) the undisputed record establishes that Defendants' credit repair services are covered by the regulation's plain language; and (3) the undisputed record establishes that Defendants have violated the regulation by failing to comply with the rule's mandatory preconditions before charging consumers for credit repair services.

Contrary to Defendants' assertions, the Bureau does not concede that the promise of a particular result is an element of the rule's coverage clause. Rather, consistent with the rule's plain language, the Bureau maintains its position that any service offered by a Telemarketer or Seller that is "represented to remove derogatory information from, or improve, a person's credit history, credit record,

or credit rating" triggers the rule's payment preconditions. There is no genuine dispute that Defendants' credit repair services meet the rule's coverage clause and that they are, accordingly, subject to the rule's payment preconditions, which the undisputed record shows Defendants have never satisfied.

For these reasons and all the reasons stated in its prior briefings and arguments, the Bureau respectfully requests that the Court enter judgment on Count I in its favor and against Defendants.

Dated: October 20, 2022

Respectfully submitted,

/s/ Maureen McOwen
MAUREEN MCOWEN
JONATHAN REISCHL
TRACY L. HILMER
ALICIA FERRARA
J. TAYLOR MCCONKIE
*Enforcement Attorneys*
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gov
taylor.mcconkie@cfpb.gov

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

2