IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>Plaintiff,<br><br>v.<br><br>PROGREXION MARKETING, INC., et al.,<br><br>Defendants. | Case No. 2:19-CV-00298-BSJ |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AND
MOTION FOR LEAVE TO FILE FURTHER BRIEFING
REGARDING THE UNCONSTITUTIONALITY OF THE
<u>CONSUMER FINANCIAL PROTECTION BUREAU</u>**

Defendants respectfully call the Court's attention to recent authority that provides additional support for dismissing this case brought and maintained by the Consumer Financial Protection Bureau (the "Bureau"). On October 19, 2022, the U.S. Court of Appeals for the Fifth Circuit held that "Congress's cession of its power of the purse to the Bureau violates the Appropriations Clause and the Constitution's underlying structural separation of powers." *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, __ F.4th __, 2022 WL 11054082, at *19 (5th Cir. Oct. 19, 2022) (attached to this Motion). The Court of Appeals' ruling echoes Defendants' argument that the Bureau's "funding structure renders the [Bureau] unconstitutional," ECF No. 46 at 14, and warrants entry of judgment in Defendants' favor.

The Court of Appeals made two predicate findings. First, because the Bureau derives its funding not from an appropriation from Congress but instead from the Federal Reserve which "is itself outside the appropriations process," the Bureau's "funding is double-insulated on the front

end from Congress's appropriations power." *Community Financial Services*, 2022 WL 11054082, at \*15. Second, "Congress relinquished its jurisdiction to review [Bureau] funding on the back end." *Id.* In light of those twin findings, the court held the "Bureau's funding apparatus cannot be reconciled with the Appropriations Clause and the clause's underpinning, the constitutional separation of powers," and as a consequence, the Bureau "lack[s] the wherewithal to exercise [ ] power via constitutionally appropriated funds." *Id.* at \*17, \*18; *see CFPB v. All Am. Check Cashing, Inc.*, 33 F.4th 218, 241 (5th Cir. 2022) (en banc) (Jones, J., concurring) (drawing the same conclusion months ago in a five-judge concurrence). Because the Bureau lacked constitutional authority to spend money, the court reversed the district court's denial of summary judgment and rendered judgment against the Bureau. *Community Financial Services*, 2022 WL 11054082, at \*19. The Fifth Circuit is, to date, the only federal appeals court to resolve the question directly,[1] and its holding vitiates the Bureau's case here.

Defendants have raised identical arguments throughout this case. In their motion to dismiss the complaint in July 2019, Defendants observed that the Bureau "is fiscally accountable to no branch of Government" but instead wrests from Congress the "exclusive power over appropriations and oversight of expenditures." ECF No. 30 at 29, 32. Defendants reiterated this separation of powers concern in their respective answers (ECF Nos. 65 at 10; ECF No. 66 at 9), and argued their positions again at a recent pretrial conference. June 30, 2022 Hearing Tr. at 6-7, 9-15.

According to the Fifth Circuit's holding, every Bureau action funded outside the

---

[1] The D.C. Circuit considered the question in passing in *PHH Corp. v. CFPB*, 881 F.3d 75 (D.C. Cir. 2018) (en banc), as part of an inquiry into a different constitutional question about the Bureau director's "for-cause" removal restriction under Article II. The court's opinion did not issue a holding squarely regarding Article I and at any rate was abrogated by the Supreme Court in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2194 (2020).

2

appropriations process—such as this one—is itself unlawful.  The Bureau lacks any constitutional means to spend money, and "[b]ecause the funding employed by the Bureau" to prosecute this case is "wholly drawn through the agency's unconstitutional funding scheme," Defendants are "entitled to a 'rewinding of [the Bureau's] action.'"  *Community Financial Services*, 2022 WL 11054082, at *18 (quoting *Collins v. Yellen*, 141 S. Ct. 1761, 1788 (2021)).

*   *   *

In light of this new authority and given that the issue is purely legal, squarely presented, and potentially dispositive of this entire case, Defendants respectfully request leave to reopen briefing on whether the Bureau's funding apparatus violates Article I of the Constitution and the principle of separation of powers and, consequently, whether the Amended Complaint should be dismissed.

Dated:  October 21, 2022              Respectfully submitted,

/s/ Edward J. Bennett
Edward J. Bennett*
Edward C. Barnidge*
Suzanne Salgado*
Shauna M. Kramer*
Emma J. Nino*
Daniel Whiteley*
Paul A. Hoversten*
Loryn Helfmann*
Atticus DeProspo*
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
ebennett@wc.com

*admitted pro hac vice

>Karra J. Porter
>Christensen & Jensen
>257 East 200 South, Suite 1100
>Salt Lake City, UT 84111
>(801) 323-5000
>karra.porter@chrisjen.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I caused a true and correct copy of the foregoing to be filed on the CM/ECF system, which will send notification of such filing to all parties and counsel in this case.

/s/ *Atticus DeProspo*
Atticus DeProspo