## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

BUREAU OF CONSUMER FINANCIAL
PROTECTION,

               Plaintiff,

        v.

PROGREXION MARKETING, INC., et al.

              Defendants.

Case No. 2:19-CV-00298-BSJ

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO VACATE JANUARY 2023 HEARINGS AND TO SET A STATUS CONFERENCE**

      Despite its competing reasoning, the Bureau "does not oppose rescheduling the [January] hearings." ECF No. 498 at 1. Instead, it chastises Defendants for, it says, attempting to "stall this case" and "postpone [a] reckoning." *Id.* at 1, 5. In fact, Defendants more than anyone want to resolve the Bureau's *near-decade-long* enforcement exercise and believe they should and would be vindicated *on the merits*. But the Court and the parties should not be expected to ignore a seismic development that illegitimatizes the Bureau's every action, including its ongoing prosecution of this case, and which the Bureau and 37 states (plus Washington D.C.)[1] have asked the Supreme Court to resolve without delay.

      In the last month, the Bureau has twice represented to the Supreme Court that the Fifth Circuit's ruling in *Community Financial* "threaten[s] the validity of . . . its ongoing activities," and it singled out this case (*CFPB v. Progrexion*) to highlight "the immense legal and practical

---

[1] Just yesterday (December 14, 2022), attorneys general from 38 jurisdictions (including Utah) submitted two amicus briefs in the Supreme Court in *Community Financial*. Exs. A & B. Although the entities had diverging views on the merits of the case, all 38 supported the Bureau's petition for certiorari and shared the view that the Fifth Circuit's decision, if upheld, would invalidate the Bureau's enforcement activities nationwide. Ex. A at 7, 22; Ex. B at 2.

significance" of the Fifth Circuit's ruling.  ECF No. 497-1 at 1; ECF No. 496-1 at 29.  It thereby admits that if the Supreme Court agrees with the Fifth Circuit's holding, this case (among its other "ongoing activities") cannot persist.  This counsels heavily in favor of a brief pause of the two hearings, the first concerning the very same "critical issue[ ]" that the Bureau has asked the Supreme Court to immediately consider (ECF No. 496-1 at 31), and the second on continued pretrial proceedings, the need for which may be determined by the Supreme Court's next steps. The conservation of resources for both the parties and the Court is only prudent while existential questions regarding the Bureau are being resolved.

Defendants do not agree, however, that there is any necessity for the Court to decide Count I or any other issue in the order the Bureau suggests.  Defendants defer to the Court on the proper sequencing of the pretrial proceedings.  Contrary to the Bureau's suggestions, ECF No. 498 at 1-2, the Court did not lock itself into a particular sequence at the September hearing, nor could it have anticipated the Bureau's concessions thereafter when confronted with the staggering breadth of its (flawed) contentions at the hearing regarding the regulation at issue. ECF No. 475 (as discussed in ECF No. 480).[2]  Further, the notion that substantial resources will be spared if Count I is resolved is illusory.  The parties have devoted months preparing for pretrial proceedings, and those proceedings are unlikely to be significantly affected by whether Count I is open or closed.  The Bureau has asserted repeatedly that Count I is disputed primarily on the law, not the facts—ECF No. 257 at 19; ECF No. 462 at 2 ("There are no material disputes of fact relevant to the Bureau's TSR billing claim."); June 29, 2022 Tr. at 7-10—and it has not identified a single witness or exhibit that is needed only for its presentation of Count I.

---

[2] The Bureau now seeks to impose on the Court an obligation to resolve the Count I issue urgently, but the Bureau eschewed a motion for preliminary injunction when filing this case, which itself followed more than five years after it began its investigation.

\*       \*       \*

For the reasons set forth above, Defendants request an order vacating the January 9 and

24, 2023 hearings and scheduling a status conference for a date in March 2023.

Respectfully Submitted:

*/s/ Edward C. Barnidge*
Edward J. Bennett\*
Edward C. Barnidge\*
Suzanne Salgado\*
Shauna M. Kramer\*
Emma J. Nino\*
Daniel Whiteley\*
Paul A. Hoversten\*
Loryn Helfmann\*
Atticus DeProspo\*
Williams & Connolly LLP
680 Maine Avenue S.W.
Washington, DC 20024
(202) 434-5000

Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
Karra.porter@chrisjen.com

*Attorneys for Defendants*
    (\*admitted *pro hac vice*)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 15, 2022, I caused a true and correct copy of the foregoing to be filed on the CM/ECF system, which will send notification of such filing to all parties and counsel in this case.

/s/ *Atticus DeProspo*
Atticus DeProspo