IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>Plaintiff,<br><br>v.<br><br>PROGREXION MARKETING, INC., et al.,<br><br>Defendants. | **ORDER DENYING DEFENDANTS' MOTION TO STAY**<br><br><br>Case No. 2:19-CV-00298-BSJ<br><br>District Judge Bruce S. Jenkins |

This matter is presently before the Court on Defendants' Motion to Stay (ECF No. 510) and two motions to expedite consideration of the Motion to Stay (ECF Nos. 519, 532). The Bureau of Consumer Financial Protection ("BCFP") opposed the Motion to Stay (ECF No. 522). The Court finds oral argument will not be helpful. Having considered the parties' briefs and the relevant law, the Court DENIES Defendants' Motion to Stay (ECF No. 510).

Federal Rule of Appellate Procedure 8, which sets forth the procedure for a stay pending appeal, indicates a party must "ordinarily" seek a stay pending appeal in the district court prior to requesting a stay from the court of appeals. *See* Fed. R. Civ. P. 8(a)(1). Nonetheless, Appellate Rule 8 allows parties to instead make their motion to stay in the court of appeals upon a showing "that moving first in the district court would be impracticable." Fed. R. Civ. P. 8(a)(2)(A)(i). A few hours after Defendants filed the instant Motion to Stay, Defendants filed a motion to stay in the Tenth Circuit, asserting that awaiting this Court's decision on their request for stay would be "impracticable." Emergency Mot. Stay at 2, *Bureau of Consumer Financial Protection v.*

*Progrexion Marketing*, No. 23-4032 (10th Cir. Mar. 13, 2023). Both the instant motion and the motion before the Tenth Circuit sought a stay of the Court's March 10 order pending appeal. On April 3, 2023, the Tenth Circuit denied Defendants' request for a stay pending appeal. *See* Order, *Bureau of Consumer Financial Protection v. Progrexion Marketing*, No. 23-4032 (10th Cir. Apr. 3, 2023).[1] Given the Tenth Circuit's Order, it is unclear whether this Court has the power to authorize a stay,[2] when the Tenth Circuit has already concluded a stay is unwarranted. *See, e.g.*, *In re Chevron Corp.*, No. 10 MC 00002, 2010 WL 4861351, at *2 (S.D.N.Y. Nov. 30, 2010) (noting "[t]he Court of Appeals ruling [denying a motion to stay] appears to be the law of the case"). Nonetheless, that problem is academic in the present case because this court agrees with the Tenth Circuit that Defendants have not met their burden to justify a stay.

The Court considers four factors when evaluating a request to stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434, (2009). Defendants have not met this burden. First, Defendants have not shown they are likely to succeed. Aside from quoting portions of the March 10 Order, Defendants offer nothing but the same arguments the Court rejected when it entered the March 10 Order. Second, as the United States points out, a stay of the Court's order, to the extent such a stay is possible in the absence of any relief ordered, does

---

[1] The Tenth Circuit also vacated a temporary stay it had entered to facilitate briefing and consideration of Defendants' motion for stay.
[2] This is particularly concerning where at least some portion of this case remains pending before the Tenth Circuit, implicating questions of this Court's jurisdiction. *See Notice Interloc. Appeal*, (ECF No. 509).

2

little to ameliorate the alleged harms Defendants describe. It is the Telemarketing Sales Rule that prohibits Defendants' billing practices. This Court merely pointed out Defendants' historical violations. Given the Court's conclusion on the first two factors, it need not reach the third and fourth. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) ("Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest."). Accordingly, in accordance with the April 3 Order of Tenth Circuit Court of Appeals, the Court denies Defendants' Motion to Stay (ECF No. 510).

DATED this 6th day of April 2023.

Bruce S. Jenkins
United States Senior District Judge