IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>Plaintiff,<br><br>v.<br><br>PROGREXION MARKETING, INC., et al.,<br><br>Defendants. | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF**<br><br><br>Case No. 2:19-CV-00298-BSJ<br><br>District Judge Bruce S. Jenkins |

This matter is presently before the Court on a Motion for "Award of Monetary and Injunctive Relief, Assessment of Civil Money Penalties, and Entry of Final Judgement Against all Defendants on Count I" (hereinafter "Motion for Relief") filed by Plaintiff, the Bureau of Consumer Financial Protection.[1] Defendants John C. Heath Attorney at Law, P.C. d/b/a/ Lexington Law, Progrexion Marketing, Inc., PGX Holdings, Inc., Progrexion Teleservices, Inc., EFolks, LLC, and Creditrepair.com, Inc (hereinafter, collectively "Defendants") filed an opposition.[2] Plaintiff filed a Reply.[3] On June 1 and 2, 2023, the Court heard oral argument from the parties. Having considered parties' oral argument, written submissions and the applicable law, the Court denies Plaintiff's Motion for Relief without prejudice.

---

[1] ECF No. 544.
[2] ECF No. 552.
[3] ECF No. 558. Plaintiff also filed an Objection to some of Defendants' evidence. ECF No. 559. Defendants filed a response to the Objection. ECF No. 567.

Plaintiff asks the Court to award monetary relief totaling $2,713,027,165,[4] which includes $2,398,880,122 purportedly paid by Lexington Law customers and $314,147,043 purportedly paid by CreditRepair.com customers.[5] Plaintiff suggests the amount is justified as either a "refund of moneys" or, alternatively, as legal (as opposed to equitable) "restitution." *See* 12 U.S.C. § 5565(a)(2)(B) & (C) ("Relief under this section may include, without limitation . . . (B) refund of moneys [and] . . . (C) restitution"). Plaintiff also seeks a civil penalty in the amount of $35,250,462 against the Progrexion Defendants and $17,625,231 against Heath.[6] Plaintiff also seeks extensive injunctive relief, the terms of which are set forth in a proposed form of order Plaintiff submitted to the Court.[7] Defendants make various arguments to reduce the monetary award to $0 in their best-case scenario and nearly $1,000,000,000 at most.[8] Defendants argue a civil penalty should be imposed in an amount between $1 and $17,611,605 because they contend their conduct did not merit the maximum Tier 1 penalty and, in any event, the Tier 1 daily limit in the statute should apply to the aggregate penalty amount imposed on all Defendants collectively.[9] Finally, Defendants ask the Court to deny the requested injunction or clarify its requirements.[10]

---

[4] Plaintiff initially sought $3,112,176,549 but conceded in its reply that the request should be reduced because the initial amount included fees paid by customers who were not telemarketed by Defendants. *See* ECF No. 558 at 8–9.
[5] ECF No. 558 at 9.
[6] ECF No. 544 at 21.
[7] *See* ECF No. 544, Ex. 19.
[8] *See* ECF No. 552 at 2–11 & Ex. 7. While Exhibit 7 indicates a worst-case scenario of $597,136,756, Defendants conceded this number involved some double counting of deductions and clarified during oral argument that the number was slightly over or under $1,000,000,000.
[9] ECF No. 552 at 11–15.
[10] *Id.* at 15–19.

2

During the discussions with counsel on June 1 and 2, it became readily apparent that outstanding issues of fact preclude the Court from entering Plaintiff's requested relief at this time. Given the existence of these factual disputes, the Court finds it will be most efficient to consolidate further discussions of relief with final pretrial proceedings. Accordingly, a final pretrial conference will be scheduled to begin 10:00 a.m. on July 10, 2023, and continue through July 11, if needed.

On or before July 5, 2023, the parties must submit to chambers a joint amended proposed final pretrial order. The parties must work together to prepare a single submission, even if the parties disagree, setting forth the legal and factual issues remaining in the case. The parties' submission should: list all undisputed facts, list all relevant disputed facts, identify any disputed legal issues, identify the witnesses for each party's case-in-chief, and provide a roster of exhibits for each party's respective case-in-chief. Uncontested joint exhibits should be identified. During the final pretrial conference, the parties should be prepared to discuss legal theory and factual issues. Plaintiff should be in a position to explain how they calculate their requested relief and provide a factual footing for the same. Defendants should be in a position to provide a legal and factual basis for any requested offset. To the extent Defendants expect the relief calculation to change based on the Court's ruling on an issue of law, Defendants should be prepared to provide calculations for scenarios in which the Court agrees or disagrees with each of their suggestions.

**ORDER**

Based on the foregoing, the Court DENIES Plaintiff's Motion for Relief (ECF No. 544) without prejudice.

Additionally, a final pretrial conference will be held in this matter on July 10, 2023, at 10:00 a.m. and continue through July 11. A separate notice will issue via CM/ECF. The parties must submit their joint proposed pretrial order via email to chambers no later than July 5, 2023.

DATED this 7th day of June 2023.

Bruce S. Jenkins
United States District Judge