IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br>    *Plaintiff*,<br><br>v.<br><br>PROGREXION MARKETING, INC., *et al.*,<br><br>*Defendants*. | Case No. 2:19-cv-00298-BSJ<br><br>[PROPOSED] PRETRIAL ORDER ON PLAINTIFF'S CLAIMS FOR RELIEF UNDER COUNT I |

Pursuant to the Court's directive at the July 10 and July 11, 2023 pretrial conferences held before the Honorable Bruce S. Jenkins, the parties submit the following proposed order on Plaintiff's claims for relief on Count I:[1]

1. **CONTESTED ISSUES**

A. <u>**PLAINTIFF'S CLAIM FOR CONSUMER REDRESS ON COUNT I**</u>

1. **Parties' Burdens**

**Plaintiff's position:** The Consumer Financial Protection Act (CFPA) authorizes the Court to "grant any appropriate legal or equitable relief for a violation of federal consumer financial law," including refund of moneys or legal restitution. 12 U.S.C. § 5565(a)(2)(B), (C). 16 C.F.R. § 310.4(a)(2) defines it as an "abusive telemarketing act or practice for any seller or telemarketer" to charge a consumer for credit repair products or services before meeting the rule's billing prerequisites. To forestall the "substantial injury to consumers" that the FTC found resulted from such abusive practices, § 310.4(a)(2) imposes a burden on sellers and telemarketers to demonstrate a durable improvement to a consumer's credit record before they can lawfully charge that consumer. As the Court found in its summary

---

[1] Per the Court's directive, the parties have endeavored to simplify their presentation of the issues remaining to be decided on Count I relief. The parties incorporate by reference the sections related to jurisdiction, venue, the general nature of the claims of the parties, and pending and anticipated motions included in the Third Amended Proposed Pretrial Order. ECF No. 579. The relevant stipulated facts are contained in Appendix A hereto.

1

judgment order, "Defendants deny that they provide, or are even able to provide, any such result." ECF 508 p. 12. The Court thus ruled that Defendants violated § 310.4(a)(2) from March 8, 2016 through March 10, 2023, and the Bureau asserts that Defendants have continued to violate § 310.4(a)(2) since March 10, 2023, by charging customers they recruited via telemarketing without complying with the rule's payment prerequisites. These violations have resulted in substantial monetary losses to consumers that entitle the Bureau to obtain redress in the form of refunds or legal restitution to fulfill the CFPA's objective that consumers be "protected from unfair, deceptive, or abusive acts and practices. . . ." 12 U.S.C. § 5511(b)(2).

The Bureau bears the initial burden to reasonably approximate the "baseline" amount that is "necessary to compensate injured consumers." *FTC v. Kuykendall*, 371 F.3d 745, 764-66 (10th Cir. 2004) (en banc). The burden then shifts to Defendants "to put forth evidence showing that certain amounts should offset the [award] assessed against them," and the risk of any uncertainty in the calculation falls on Defendants. *Id.* at 764-66; *accord FTC v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1205-07 (10th Cir. 2005); *CFPB v. CashCall, Inc.*, 35 F.4th 734, 751 (9th Cir. 2022); *see also FTC v. Elegant Sols., Inc.*, 2022 WL 2072735 *3 (9th Cir. June 9, 2022). No offset for the claimed value of Defendants' services is warranted. *CashCall*, 35 F. 4th at 751 ("Whether consumers received the benefit of

2

their bargain is not relevant."); *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606 (9th Cir. 1993) ("The fraud in the selling, not the value of the thing sold, is what entitles consumers ... to full refunds."), *cited with approval by Kuykendall*, 371 F.3d at 766. Here, the Bureau has shown that Defendants' abusive telemarketing practices resulted in their taking billions of dollars from millions of consumers when Defendants were legally prohibited from even asking for those payments because they had not complied with § 310.4(a)(2).

**Defendants' Position:** Plaintiff is not entitled to any restitution or refund on Count I because it has failed to meet its burden to show consumer harm. *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 605 (9th Cir. 1993) ("[T]here may be no redress without proof of injury."). Plaintiff does not even attempt to demonstrate either (1) that Defendants' customers did not receive the services they contracted for or (2) that the value of those services was less than the price customers agreed to pay. Plaintiff therefore is not entitled to redress. *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 572 & n.7 (7th Cir. 1989) ("customers who actually took vacation trips were excluded" from the restitution figure), *overruled on other grounds by FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764 (7th Cir. 2019). Even the Bureau admits that it bears the burden of showing in the first instance that consumers were injured and by what amount. *See supra* (quoting *Kuykendall*, 371 F.3d at 764-66). Without proof of *actual* harm to *actual* consumers, Plaintiff fails to carry its

3

threshold burden to tabulate *unjust* gains. *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 67 (2d Cir. 2006). If the Court concludes that the Bureau has met its initial burden, it should exercise its discretion not to award restitution or refunds. *See* 12 U.S.C. § 5565(a)(2) (relief "*may* include . . . refund of moneys [or] restitution" (emphasis added); *compare id.* § 5565(c)(1) (those found to violate "Federal consumer financial law *shall* forfeit and pay a civil penalty" (emphasis added)).

Even if any redress is warranted (it is not), there is no basis for "full refunds." The Bureau has not alleged—let alone proven—any "fraud in the selling." ECF No. 462 at 2-3 (Bureau disclaiming need to demonstrate that Defendants made deceptive promises or that consumers relied on those promises). In addition, the Bureau's new argument that services sold wholly online after April 5, 2023, are covered under the TSR simply because consumers had previously purchased services via telemarketing is factually unsupported, legally unsupported, and inconsistent with the Bureau's prior position in this litigation. It is undisputed that Defendants shut down their telemarketing operation overnight as soon as the Court's Order became effective, and the TSR by its letter and intent does not apply to services sold only online. Finally, any award must exclude the categories of payments set forth in Appendix B.

4

2. **Other disputed issues**

The issues relevant to calculation of redress, if applicable, and a succinct summary of the Parties' positions on each issue, are set forth in Appendix B.

B. <u>**PLAINTIFF'S CLAIMS FOR CIVIL MONEY PENALTIES ON COUNT I**</u>

**Plaintiff's position**: For violations from March 8, 2016, through July 31, 2023 (2,702 days), the total penalty as to Heath PC should be no less than $18,408,726 for Lexington Law's violations, and the total penalty against the Progrexion Defendants should be no less than $36,817,452 for Lexington Law's and CreditRepair.com's violations. 12 U.S.C. § 5565(c); 12 C.F.R. § 1083.1 (2023); *Integrity Advance, LLC*, No. 2015-CFPB-0029, p. 38 (CFPB Jan. 11, 2021),[2] *aff'd Integrity Advance, LLC v. CFPB*, 48 F.4th 1161 (10th Cir. 2022). No mitigation of the penalty amounts is warranted.

**Defendants' position**: There is no basis in fact or law to award the maximum Tier I penalty under 15 U.S.C. 5565(c)(3). The Court should award a penalty of no greater than $7,755,000, divided between Lexington Law and the Progrexion Defendants as the Court deems appropriate. The total number of days for penalty purposes is 2,585, as Defendants stopped billing for telemarketed credit repair services on April 5, 2023. The penalty "may not exceed" the statutory

---

[2] *Available at* https://s3.amazonaws.com/files.consumerfinance.gov/f/documents/cfpb_integrity-advance-llc_decision-of-director_2021-03.pdf.

5

amount "[f]or any violation," meaning the total assessed against Defendants together may not exceed the daily maximum. 12 U.S.C. § 5565(c)(2). In addition, the factors that the Court must consider under 12 U.S.C. § 5565(c)(3), including good faith, do not support imposition of a maximum Tier I penalty.

### C. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ON COUNT I

**Plaintiff's position**: Injunctive relief is appropriate given Defendants' continued violation of § 310.4(a)(2) and their recidivism. Even if Defendants were currently in compliance with § 310.4(a)(2), injunctive relief would still be warranted because there exists a cognizable danger of future violations. *Metzler v. IBP, Inc.*, 127 F.3d 959, 963-65 (10th Cir. 1997); *FTC v. Accusearch Inc.*, 570 F.3d 1187, 1201-03 (10th Cir. 2009). The court's determination is reviewed for abuse of discretion. *Id*.

**Defendants' position**: No injunctive relief is warranted. Defendants have already made tectonic changes to their business operations to cease telemarketing. Those changes are for all practical purposes irreversible, so there is no cognizable danger of future violations to protect against or deter. *Walling v. Shenandoah-Dives Min. Co.*, 134 F.2d 395, 397 (10th Cir. 1943) (purpose of injunction is to stop existing violations or prevent further infractions *if there is reason to believe they may occur*). For an injunction to issue, "[t]he necessary determination is that there exists some cognizable danger of recurrent violation, something more than

the mere possibility….." *Metzler v. IBP*, 127 F.3d 959, 963 (10th Cir. 1997). Moreover, Defendants' decades-long history of good faith efforts to comply with the law, clear demonstration of intent to comply, and the extraordinary steps taken since the Court's Order became effective all counsel against the necessity of an injunction. *Scalia v. Beantown Painting*, 2020 WL 9256463, at *2 (D. Utah Sept. 25, 2020).

3.  **WITNESSES FOR EVIDENTIARY HEARING**

In the event that the Court sets an evidentiary hearing concerning Plaintiff's demand for relief on Count I, Plaintiff intends to call the following witnesses in support of its case in chief at such hearing: Christopher Albanese, Shane Frederick, Timothy Hanson, Camille Hinds, Elizabeth Rosario, and Chad Wallace. Plaintiff additionally intends to call the following individual consumers affected by Defendants' violations of § 310.4(a)(2): Christopher Hilderbrand, Arkh Isra Ali-Dey, Jahzara Isra Ali-Dey, David Jacobs, Jacqueline Jacobs, Roy Mertz, Robert Nelson, Susie Renee Parker, Susan Robinson, Pamela Shaw, Buck Slover, Christopher Wilburn, and Maryellen Woods. Plaintiff may call Lorenzo McQuiller, John C. Heath, and a Progrexion or Heath custodian of records with knowledge of the company's record-keeping practices if necessary to authenticate documents or establish a business records foundation. Plaintiff reserves its right to call rebuttal

witnesses and to examine any witness called by Defendants as if Plaintiff had listed that witness.

Plaintiff will likely use the following depositions: Jesse Beal, Kelly Etherington, Jeffrey Johnson, Terry Kealamakia, Trung Khanh Lam, Khang Nguyen, Christina Rook & Vincent Russo, and Chad Wallace.

Defendants intend to call John Heath, Cody Johnson, Chad Wallace, Kelly Etherington, Gregrey Ralphs, and John DelPonti as witnesses at such hearing in their case-in-chief. These witnesses are expected to testify about (1) Defendants' history of good faith compliance with the law; (2) Defendants' actions in the wake of the Court's Order on Count I; (3) the non-credit repair services offered by Defendants; (4) the efficacy and value of Defendants' services; (5) the prevalence of repeat customers; and (6) Defendants' financial information.

Defendants also may examine any witness called by the Bureau as if they had been listed by Defendants.

The parties reserve all rights to object to the opposing parties' witnesses.

**4.    EXHIBITS**

The parties intend to present the following exhibits at an evidentiary hearing on Count I relief:

    (a)    Joint exhibits: see Attachment 1.
    (b)    Plaintiff's exhibits: see Attachment 2.
    (b)    Defendants' exhibits: see Attachment 3.

The foregoing proposed pretrial order (prior to execution by the court) is hereby adopted this _____ day of _____, 20____.

_____
Hon. Bruce S. Jenkins
United States District Judge

Counsel:

 /s/ Jonathan Reischl
Maureen McOwen
Jonathan Reischl
Tracy L. Hilmer
Alicia Ferrara
(202) 435-9553
maureen.mcowen@cfpb.gov
jonathan.reischl@cfpb.gov
tracy.hilmer@cfpb.gov
alicia.ferrara@cfpb.gov
1700 G Street, NW
Washington, DC 20552

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

 /s/ Daniel Whiteley
Edward J. Bennett*
Edward C. Barnidge*
Suzanne Salgado*
Shauna M. Kramer*
Paul A. Hoversten*
Emma J. Nino*
Daniel Whiteley*
Loryn Helfmann*
Atticus DeProspo*
Williams & Connolly LLP
680 Maine Avenue S.W.
Washington, DC 20024

Karra J. Porter
Christensen & Jensen
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
(801) 323-5000
Karra.porter@chrisjen.com

*Attorneys for Defendants*
    (**admitted* pro hac vice*)