IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br>    *Plaintiff*,<br><br>v.<br><br>PROGREXION MARKETING, INC., *et al.*,<br><br>    *Defendants*. | Case No.  2:19-cv-00298-BSJ<br><br>[PROPOSED] PRETRIAL ORDER FOR COUNTS II-V |

Table of Contents

1. UNCONTROVERTED FACTS ................................................................................... 1

2. CONTESTED ISSUES OF FACT ............................................................................... 2

3. CONTESTED ISSUES OF LAW ................................................................................ 4

4. EXHIBITS ..................................................................................................................... 5

5. WITNESSES ................................................................................................................. 5

6. TRIAL SETTING ......................................................................................................... 7

7. POSSIBILITY OF SETTLEMENT ............................................................................. 8

This matter having come before the court on June 29, June 30, September 20, and September 21, 2022, and on July 10, July 11, and _____ 2023 at pretrial conferences held before the Honorable Bruce S. Jenkins, pursuant to Fed. R. Civ. P. 16; and Maureen McOwen, Jonathan Reischl, Tracy Hilmer, and Alicia Ferrara having appeared as counsel for Plaintiff, and Williams & Connolly LLP and Karra J. Porter having appeared as counsel for Defendants, the following action was taken:[1]

1. UNCONTROVERTED FACTS

The following facts are established by admissions in the pleadings, by order pursuant to Fed. R. Civ. P. 56(d), or by stipulation of counsel:[2]

> 1. The Progrexion Defendants, including PGX Holdings, Progrexion Marketing, Progrexion Teleservices, eFolks, and

---

[1] The parties incorporate by reference the sections related to jurisdiction, venue, the general nature of the claims of the parties, requests for instructions, amendments to pleadings, discovery, and pending and anticipated motions included in the Third Amended Proposed Pretrial Order. ECF No. 579.

[2] The parties disagree as to the inclusion of 23 additional uncontroverted facts included in the June 22, 2022 Proposed Pretrial Order. *See* ECF No. 438, § 3(a), (c), (d) (signed by counsel for all parties). Plaintiff's position is that facts 1-10 and 15-17 eliminate disputes relevant to Counts II-V, and that the parties remain bound by their prior agreement and their joint representation to the Court that those facts are uncontroverted. Defendants' position is that the previously included statements are unnecessary and incomplete and were removed pursuant to the Court's guidance at the June 29, 2022 Pretrial Conference. *See* 6/29/22 Tr. at 121:16-123:9.

CreditRepair.com, shall be treated as a single company for the purposes of establishing liability in this litigation.

2. Defendant PGX Holdings, Inc. agrees to be liable for any judgment against the Progrexion Defendants in this litigation.

3. For purposes of this litigation, evidence of any action, omission, or knowledge of any Progrexion Defendant is attributable to all Progrexion Defendants, and all Progrexion Defendants shall be jointly and severally liable for any monetary relief or civil money penalty and subject to all injunctive provisions, if any are ordered. Proof of a defense as to any Progrexion Defendant is attributable to all Progrexion Defendants.

2. CONTESTED ISSUES OF FACT

The contested issues of fact related to Counts II-V are:

1. In connection with generating leads for Defendants or advertising Defendants' services, did any of the Relevant Hotswap Companies make material representations that were likely to mislead ordinary consumers?

2. In connection with handling telephone calls transferred from the Relevant Hotswap Companies, did Progrexion employees make

    material representations that were likely to mislead ordinary consumers?

3. In connection with advertising credit repair, identifying potential credit repair customers, and transferring potential customers to Progrexion, were the Relevant Hotswap Companies acting as agents of Progrexion?[3]

4. Did Progrexion possess the requisite mental state regarding whether the Relevant Hotswap Companies made material representations that were likely to mislead ordinary consumers in connection with generating leads for Progrexion Marketing and/or advertising CreditRepair.com or Lexington Law services?

5. Did Progrexion directly participate in or have the authority to control any deceptive practices in which the Relevant Hotswap Companies allegedly engaged?

6. As to each of the Relevant Hotswap Companies: during what time period(s) did the Relevant Hotswap Company make any

---

[3] The issues stated in paragraphs 3-7 are only pertinent if the Bureau is able to prove that the Relevant Hotswap Companies used false or misleading advertising or made false or misleading statements.

       material representations that were likely to mislead ordinary consumers; during what time periods did Progrexion possess the requisite mental state to be held liable for such actions; and which consumers were affected?

7. What assistance or support, if any, did Progrexion provide to the Relevant Hotswap Companies, and was it substantial assistance or support?

8. Did the Plaintiff discover, or should it reasonably have discovered, the facts constituting its claims regarding the Relevant Hotswap Companies (Counts II-V) prior to March 8, 2016?

3.    CONTESTED ISSUES OF LAW

The contested issues of law related to Counts II-V, in addition to those implicit in the foregoing issues of fact related to Counts II-V, are:

1. Can Progrexion be held liable under 12 U.S.C. § 5536(a)(1)(B) or 16 C.F.R. § 310.3(a)(4) for deceptive acts or practices by the Relevant Hotswap Companies in connection with marketing Lexington Law and CreditRepair.com's credit repair services?

  2. What is Plaintiff's burden in order to obtain consumer redress for the deception claims (Counts II-V)?[4]

  3. Are Counts II, III, IV, and/or V of the Complaint barred or limited by the applicable statute of limitations?[5]

  4. Were the Relevant Hotswap Companies covered persons or service providers as those terms are defined in the CFPA during the period each advertised for Defendants?

4. **EXHIBITS**

The following were received in evidence or were identified and offered:[6]

  (a) Joint exhibits identified: see Attachment A.[7]
  (b) Plaintiff's exhibits identified: see Attachment B.
  (c) Defendants' exhibits identified: see Attachment C.

5. **WITNESSES**

Plaintiff intends to call the following witnesses in support of its case in chief at such hearing: Christopher Albanese, Shane Frederick, Timothy Hanson, Camille Hinds, Elizabeth Rosario, Jesse Beal, Jeremy Crane, J.R.

---

[4] See Appendix for the parties' position statements on this Contested Issue of Law.
[5] See Appendix for the parties' position statements on this Contested Issue of Law.
[6] The parties incorporate by reference additional provisions regarding exhibits included in the Third Amended Proposed Pretrial Order. ECF No. 579, § 6 (c), (d), (e), (f).
[7] Certain Joint Exhibits are subject to objections regarding limited purpose, as indicated in Attachment A.

Curtis, Blakely Hankins, John C. Heath, Reagan Nickl, and Robert Olson. Plaintiff additionally intends to call the following individual consumers: Arkh Isra Ali-Dey, Jahzara Isra Ali-Dey, David Jacobs, Jacqueline Jacobs, Robert Nelson, Susie Renee Parker, Susan Robinson, Buck Slover, Christopher Wilburn, and Maryellen Woods. Plaintiff may call a Progrexion or Heath custodian of records with knowledge of the company's record-keeping practices if necessary to authenticate documents or establish a business records foundation. Plaintiff reserves its right to call rebuttal witnesses and to examine any witness called by Defendants as if Plaintiff had listed that witness.

Plaintiff will likely use the following depositions: Jesse Beal, Joseph Delfgauw, Kelly Etherington, Jacob Hamilton, Jeffrey Johnson, Terry Kealamakia, Brenda Kemp, Trung Khanh Lam, Billy Ness, Khang Nguyen, Christopher Robinson, Christina Rook & Vincent Russo, and Chad Wallace.

Defendants intend to call the following witnesses in support of their case-in-chief at trial (not including any witnesses solely for impeachment or rebuttal):  Christopher Albanese, J.R. Curtis, Kelly Etherington, Jacob Hamilton, Blakely Hankins, John C. Heath, Cody Johnson, Terry Kealamakia, Trung Khanh (Tony) Lam, Khang Nguyen, Kirk Nielson, Randy Padawer, Chad Wallace.  Defendants may call Kurt Artecona, Arnold

6

Barnett, Brad Blanchard, John Delponti, Thomas Maronick, Cynthia Thaxton, and Yoram Wind. Defendants may also examine any witness called by the Bureau as if they had been listed by Defendants.

Defendants will likely use the following depositions: Joseph Delfgauw, Brenda Kemp, Thomas Kim, Christopher Robinson, Christina Rook & Vincent Russo.

The parties reserve all rights to object to the opposing party's witnesses.

6.   TRIAL SETTING

At this time, Plaintiff estimates that its trial presentation will take approximately 7-10 days (including rebuttal); Defendants estimate that their trial presentation will take approximately 3–7 days, the precise length of which will be heavily dependent on the substance of Plaintiff's case. All parties reserve their rights to revise these estimates.

*Complete either a. or b.*

    a.   The case was set for trial ____ with/ ____ without a jury on _____, 20___ at _____ o'clock ___.m. at Salt Lake City. *See* 28 U.S.C. § 1404(b).

    b.   No definite setting was made, but it was estimated that the case will be set for trial no later than _____, 20__. Estimated length of trial is __ - __ days.

7

7.      POSSIBILITY OF SETTLEMENT

The parties are currently engaged in settlement negotiations.

The foregoing proposed pretrial order (prior to execution by the court) is hereby adopted this _____ day of _____, 20____.

                                                           _____
                                                           Hon. Bruce S. Jenkins
                                                           United States District Judge

Counsel:

| /s/ Jonathan Reischl | /s/ Emma Nino |
|---|---|
| Maureen McOwen | Edward J. Bennett* |
| Jonathan Reischl | Edward C. Barnidge* |
| Tracy L. Hilmer | Suzanne Salgado* |
| Alicia Ferrara | Shauna M. Kramer* |
| (202) 435-9553 | Paul A. Hoversten* |
| maureen.mcowen@cfpb.gov | Emma J. Nino* |
| jonathan.reischl@cfpb.gov | Daniel Whiteley* |
| tracy.hilmer@cfpb.gov | Loryn Helfmann* |
| alicia.ferrara@cfpb.gov | Atticus DeProspo* |
| 1700 G Street, NW | Williams & Connolly LLP |
| Washington, DC 20552 | 680 Maine Avenue S.W. |
| | Washington, DC 20024 |
| *Attorneys for Plaintiff Bureau of Consumer Financial Protection* | |
| | Karra J. Porter |
| | Christensen & Jensen |
| | 257 East 200 South, Suite 1100 |
| | Salt Lake City, UT 84111 |
| | (801) 323-5000 |
| | Karra.porter@chrisjen.com |
| | |
| | *Attorneys for Defendants* |
| | (*admitted *pro hac vice*) |

8